## In the Matter of AMERICAN FEDERA-TION OF TELEVISION AND RADIO ARTISTS, Debtor.

### Bankruptcy Nos. 82 B 12107–12110.

United States Bankruptcy Court, S.D. New York.

June 20, 1983.

Grutman, Miller, Greenspoon, & Hendler, New York City, for debtor.

Rogers & Wells, New York City, for Tuesday Productions, Inc.

Luce, Forward, Hamilton & Scripps, San Diego, Cal., pro se.

Skadden, Arps, Slate, Meagher & Flom, New York City, for creditors' committee.

## DECISION ON MOTIONS OF DEBTOR AGAINST TUESDAY PRODUCTIONS, INC. AND LUCE, FORWARD, HAMILTON & SCRIPP

EDWARD J. RYAN, Bankruptcy Judge.

On November 1, 1982, American Federation of Television and Radio Artists ("National"); American Federation of Television and Radio Artists, Los Angeles Local; American Federation of Television and Radio Artists, New York Local; and American Federation of Television and Radio Artists, San Diego Local (collectively, "AFTRA" or the "debtor") filed petitions (collectively, "the petition") for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101 et seq. The debtor was continued in the management and operation of its business and property as debtor in possession. The debtor in possession is a labor union. The national union has approximately 55,000 members and thirty-nine local affiliates, of which the New York, Los Angeles and San Diego locals are three.

A creditors' committee was appointed by the United States Trustee for the Southern District of New York in the National case on December 10, 1982. No creditors' committees were appointed in the three related cases.

On February 18, 1983, the debtor moved by order to show cause to extend each of its exclusive periods pursuant to 11 U.S.C. § 1121(d) for filing a plan of reorganization and soliciting acceptances thereof.[1]

Although the Acting United States Trustee and the Creditors' Committee in the National case noted their limited consent to the extensions sought by respective "No Opposition" endorsements on the proposed order, two creditors objected to any extensions of the exclusivity period.

---

1. Without grant of such extensions, the 11 U.S.C. § 1121(b) exclusive period would have expired on March 1, 1983. Supplemental orders and hearings extended the exclusive filing period until March 21, 1983, the adjourned date set for the hearing on the Order to Show Cause.

One of the opposing creditors, Tuesday Productions, Inc. ("Tuesday"), is involved with the debtor in litigation in the Southern District of California in a case captioned *Tuesday Productions, Inc., a California corporation, Plaintiff v. American Federation of Television and Radio Artists; American Federation of Television and Radio Artists, Los Angeles Local; American Federation of Television and Radio Artists, New York Local; and American Federation of Television and Radio Artists, San Diego Local, Defendants* (the "District Court action"). The other objecting creditor, Luce, Forward, Hamilton and Scripps ("Luce Forward"), is the law firm representing Tuesday in the California litigation.

Judgment was entered on May 20, 1982, in favor of Tuesday and against AFTRA in the amount of $10,564,784.91 plus interest.[2] AFTRA has filed an appeal from the adverse District Court judgment but did not obtain a stay of the judgment pending appeal. No final determination of the appeal has been rendered.

Of the debtor's creditors, which number less than twenty, two creditors, Tuesday and Luce Forward, hold approximately 98% of the total liabilities claimed against debtor. This Chapter 11 proceeding was precipitated by the entry of the aforesaid adverse judgment. As of the date of the extension hearing, the debtor had neither proposed a Plan of Reorganization to the unsecured creditors nor had the debtor formulated a Plan. The debtor has not solicited any acceptances of a plan of reorganization from each class the claims or interests of which would be impaired under a plan.

■ Following a hearing on this matter, this court concludes that no "cause" exists under 11 U.S.C. § 1121(d) to extend the periods of time pursuant to 11 U.S.C. § 1121 within which the debtor may have exclusivity to file a plan of reorganization, or within which the debtor may obtain acceptances of a plan of reorganization from

each class the claims or interests of which are impaired under any such plan.

■ The pendency of an appeal from an adverse judgment does not constitute "cause" for an extension of the exclusivity periods to propose a plan of reorganization and to obtain acceptances of said plan, pursuant to 11 U.S.C. § 1121(d). *In re McLaury*, 25 B.R. 30 (Bkrtcy.N.D.Texas 1982). In fact, in *In re Alton Tel. Printing Co.*, 14 B.R. 238 (Bkrtcy.S.D.Ill.1981), the court held, on facts strikingly similar to the ones at bar, that a significant element in finding a good faith filing by the debtor was the fact that it had filed a plan of reorganization so that the case could progress in an orderly and expeditious manner, even though an appeal of the libel judgment was pending in the state courts.

This is not an "unusually large case" within the meaning of the legislative history to 11 U.S.C. Section 1121(d), and therefore "cause" does not exist on this ground to extend the exclusivity periods to propose a plan of reorganization or to obtain acceptances of said plan. 5 *Collier on Bankruptcy*, ¶ 1121.04, p. 1121–11 (15th ed. 1983).

The debtor has made no showing that it can successfully reorganize if the exclusivity periods are extended. See, *In re Larmar Estates, Inc.*, 6 B.R. 933 (Bkrtcy.E.D.N.Y. 1980); *see also* legislative history to 11 U.S.C. § 1121 appearing in S.Rep. No. 95–989, 95th Cong., 2d Sess. 118, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5904, and in H.R.Rep. No. 595, 95th Cong., 1st Sess. 232 (1977).

The debtor is not entitled to an extension of the exclusivity periods to propose a plan of reorganization or to obtain acceptances of said plan from each class the claims or interests of which are impaired under said plan pursuant to 11 U.S.C. § 1121(d).

In addition to hearing argument concerning the exclusivity period, this court entertained two other motions of the debtor at the March 21, 1983 hearing. The first mo-

---

**2.** The judgment was amended on August 4, 1982 to reflect an award of attorneys' fees to    Tuesday against the debtor.

tion was an application by National to change the membership of its creditors' committee by removing Tuesday and Luce Forward, and to delete Luce Forward as a scheduled creditor. The second motion was an application by the remaining debtors to delete Luce Forward from its Schedule A–3. Both of these motions are grounded in the District Court action. The $10,564,-784.91 plus interest awarded to Tuesday in that action included an award of attorneys' fees to Tuesday in the amount of $1,167,-057.50.[3] Luce Forward has represented Tuesday in the District Court action since its commencement, and continues to do so. The terms of this representation are set forth in a written fee agreement dated June 18, 1979, which agreement includes an express assignment by Tuesday to Luce Forward of Tuesday's rights to proceeds of its claim against AFTRA to the extent of Luce Forward's fee, as well as an express charging lien thereon.[4]

The debtor has moved to dismiss Luce Forward from the Creditors' Committee and to delete it from Schedule A–3 on the grounds that it is not a pre-petition creditor of AFTRA but rather the holder of an inchoate right to certain proceeds which have not as yet been received by Tuesday.

■ This court finds that the rights, if any, against the debtor held by Luce Forward do not constitute a "claim", as that term is defined in 11 U.S.C. § 101(4).[5] Both the order setting Attorney's Fees at $1,167,057.50 and the Amended Final Judgment award attorneys' fees to the plaintiff in the District Court case, to wit, Tuesday

Productions, Inc., and not to Luce Forward. Although a contingent right does constitute a claim under 11 U.S.C. § 101(4), that contingent right must exist against the debtor and not against a creditor of the debtor. Since Luce Forward does not hold a claim against the debtor, it is not a creditor of this estate.[6] Consequently, Luce Forward is not eligible to be a member of the creditors' committee and should be deleted from the debtor's Schedule A–3.

■ Finally, the debtor has moved for the dismissal of Tuesday from the Creditors' Committee on the grounds that Tuesday's claim is unique and, in opposing the debtor's application for an extension of the period of exclusivity, Tuesday has demonstrated a conflict of interest between its own interests and those of the remaining unsecured creditors.

The debtor fails to note that Tuesday is the largest unsecured creditor of the estate holding approximately 98% of the total liabilities claimed against the debtor. Since Tuesday represents a majority of the outstanding claims against the debtor, and its claim is an unsecured one, it is properly a member of the Committee pursuant to 11 U.S.C. § 1102(b)(1).

The debtor has not made the showing required by Bankruptcy Code § 1102(c), that Tuesday's presence on the Committee is not "representative of the various claims and interests to be represented." *In re Penn Dixie Industries,* 9 B.R. 936 (D.C.S.D. N.Y.1981.). The "committee need not be representative of the different *kinds* of

---

3. On August 3, 1982, an Order Setting Attorneys' Fees at $1,167,057.50 was filed in the District Court case. On August 4, 1982, an Amended Final Judgment was entered in the District Court case in favor of Tuesday and against the debtor.

4. Said fee contract contains the following paragraph:
   The provisions of this contingent fee letter would constitute an assignment and express charging lien made and granted to this firm and upon the proceeds from your claims and of and upon the proceeds from all amounts due or to become due arising out of or in connection therewith.

5. 11 U.S.C. § 101(4) reads in pertinent part:
   (4) "claim" means—
   (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; * * *.

6. 11 U.S.C. § 101(9) reads in pertinent part:
   (9) "creditor" means—
   (A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor; * * *.

claims involved in the case." 5 *Collier on Bankruptcy* ¶ 1102.01[2] p. 1102–11 (15th ed. 1982).

There is no basis to remove Tuesday from membership on the Committee because of any conflict of interest with the other unsecured creditors of the estate or any conflict of interest as a result of an affiliation or close alliance with the debtor. *In re Penn Dixie Industries, supra.*

Tuesday is entitled to be heard on its own behalf in opposition to the Application to Extend the Exclusivity Periods, notwithstanding the Creditors' Committee decision not to oppose said application. Its actions do not amount to misconduct or a breach of the fiduciary duty it owes to the other unsecured creditors.

Therefore, the debtor's motion to remove Tuesday from the Creditors' Committee is denied.

Settle an appropriate order.