In the Matter of AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, et al., Debtors.

Bankruptcy Nos. 82 B 12107–82 B 12110.

United States Bankruptcy Court,
S.D. New York.

Sept. 6, 1983.

Grutman, Miller, Greenspoon & Hendler, New York City, for debtors.

Rogers & Wells, New York City, for Tuesday Productions, Inc.

Skadden, Arps, Slate, Meagher & Flom, New York City, for Creditors Committee.

Luce, Forward, Hamilton & Scripps, San Diego, Cal., In Pro. Per.

## MOTION TO REDUCE TREBLE DAMAGES PORTION OF AN ANTITRUST JUDGMENT WHICH CONSTITUTES THE CLAIM

EDWARD J. RYAN, Bankruptcy Judge.

On November 1, 1982, the American Federation of Television and Radio Artists and its local affiliates in Los Angeles, San Diego and New York (hereinafter referred to as AFTRA or the debtor) filed separate petitions for reorganization pursuant to 11 U.S.C. §§ 1101–46 (1976). Each has continued in the management and operation of its business as a debtor in possession pursuant to 11 U.S.C. § 1107 (1976).

This proceeding arose as a result of an antitrust verdict rendered in the United States District Court for the Southern District of California against AFTRA in favor of Tuesday Productions, Inc. (Tuesday).[1] Damages were assessed in the amount of $3,117,270. This was increased by the district court to $9,351,810 through the application of the treble damages provision of 15 U.S.C. § 15 (1976). Costs and legal fees were added and the amended final judgment recited an aggregate award of $10,564,784.91 plus interest. AFTRA subsequently filed an appeal.

The district court denied a motion for a judgment stay pending appeal and shortly thereafter, petitions as previously described were filed in this court. Schedules of debts and assets were filed on February 17, 1983, including, *inter alia,* a disputed claim by Tuesday in the amount of $10,564,777.91. No proof of claim, however, has been filed by Tuesday.[2]

The issue is whether the antitrust treble damages portion of the judgment rendered by the district court is a penalty and therefore an unenforceable claim. We hold that it is allowable.

Debtor argues that treble damages are punitive and so, *ipso facto,* are a penalty. The debtor reasons that a bankruptcy court is essentially a court of equity and will not enforce a penalty. It argues further that where innocent third parties would suffer, punitive damages may not be collected from an estate.

Tuesday contends that: (1) the treble damage provision is not punitive in nature; (2) the treble damage provision, even if punitive, is not a penalty of the type which is unenforceable and, (3) no "innocent" creditors will be harmed by the allowance of the claim.[3]

Preliminarily, we assume that statutory antitrust treble damages are punitive in nature. This still leaves unanswered the question whether the statutory multiple damages portions of valid judgments are unenforceable claims under Chapter 11 of the Bankruptcy Code (the Code). We are aware of no cases that directly address this point.[4]

---

1. *Tuesday Prods. v. Am. Fed'n of Television and Radio Artists,* No. 78–0644 K(I) (S.D.Cal. Aug. 2, 1982).

   Luce, Forward, Hamilton & Scripps, counsel to Tuesday in the California antitrust suit, has been adjudged by this court not to be a proper party to this case. *In re Am. Fed'n of Television and Radio Artists,* 30 B.R. 772 (Bkrtcy.S.D. N.Y.1983). However, the firm participated *in propria persona* at oral argument and submitted papers in support of the instant motion with the leave of the court, and Tuesday's counsel has adopted its arguments with their full force and effect. Also the determination that the firm is not a proper party to this suit was made after oral argument and submission of papers. For these reasons, the arguments of Luce Forward will be considered herein.

2. At oral argument on April 18, 1983, the parties agreed on the record to treat the instant motion as an objection to a filed proof of claim to expedite resolution of the issue.

3. Claimants also argue that *res judicata* precludes a decision in the debtor's favor. However, we are asked to decide the enforceability of a claim in bankruptcy, an issue which was not, indeed could not have been, litigated in the prior antitrust suit. We therefore find against the claimant on this issue.

   Claimants also argue against the propriety of that part of the debtor's motion which seeks to enjoin the filing of a claim over $4,330,244.91. In light of the disposition of this case, we need not address this argument.

4. Debtor relies heavily on *In re G.A.C.,* 681 F.2d 1295 (11th Cir.1982). The court finds the case so factually unique as to be inapposite.

We are likewise aware of no statutory provision which mandates one or the other result under Chapter 11 of the Code.[5] However, from what can be gleaned of the evolution from the Bankruptcy Act to the Bankruptcy Code, the debtor's argument must be rejected.

Under the Bankruptcy Act, claims punitive in nature may have been denied effect via two avenues. First, if the claim was made in a Chapter IV liquidation and was for a penalty or forfeiture to a governmental entity, it was only allowed to the extent that it was compensation for "pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose . . . ." 11 U.S.C. § 93; (1976) (repealed 1978). Second, if the claim in a case under any chapter was based on a contract debt, the bankruptcy court might use its equitable powers to set aside that portion of a liquidated damages claim not proportionate to the damage reasonably to be anticipated at the date of the signing of the contract. *See, e.g., Drive Black Ranches,* 362 F.2d 8 (8th Cir.) *cert. denied* 385 U.S. 990, 87 S.Ct. 595, 17 L.Ed.2d 450 (1966); *In re Tastyeast,* 126 F.2d 879 (3d Cir.) *cert. denied* 316 U.S. 696, 62 S.Ct. 1292, 86 L.Ed. 1766 (1942).

The Bankruptcy Reform Act of 1978 significantly cut back on the first of these criteria for disallowing a penalty. Now in a Chapter 7 liquidation, all claims punitive in nature, including multiple damages, are allowed.

Specifically, section 726(a)(4) provides:

(a) Except as provided in section 510 of this title, property of the estate shall be

(4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture or for multiple exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture or dam-

ages are not compensation for actual pecuniary loss suffered by the holder of such claim.

*Collier* points out that:

the effect of section 726(a)(4) in combination with section 726(a)(1), (2) and (3) is to require that claims for fines, penalties, and damages be divided into the portion that is in compensation for actual pecuniary loss and the portion that is not. Distribution under the four paragraphs would then be made accordingly.

4 *Collier on Bankruptcy* ¶ 726.02[4] at 726–7.

As an example cited in *Collier,* is "treble damage antitrust claims. The damage is payable under section 726(a)(2), while the remainder (twice the damage claim) is payable under 726(a)(4)." *Id.*

■ In gleaning Congress' intent as to the enforceability of punitive and multiple damages in Chapter 7 proceedings, this court is persuaded that statutory treble damages in a valid judgment are not penalties of a sort that Congress intended the bankruptcy courts not to enforce in a Chapter 11 proceeding.

■ The court is not unmindful of the force of the policy considerations urged by the debtor, that when a claim which is not compensation for pecuniary loss harms "innocent" creditors, it should not be given effect. Tuesday contends, however, and the debtor concedes, that all creditors except Tuesday would be paid in full, and a fund would be created to pay Tuesday under a concept of potential plan provisions for creditors, which the parties have agreed to. In light of this agreement, it cannot be said that allowance of a claim for the entire antitrust judgment would prejudice "innocent" creditors.

For the foregoing reasons, the motion is denied.

**5.** Claimants urge that provisions of Section 502 (setting out the grounds for disallowance of claims) is exclusive and dispositive of debtor's motion. We need not go farther in assessment of this argument than section 502(b)(1) providing as a ground for disallowance unenforceability under applicable law.