**In re Lillian Hagopian COREY, Debtor.**

**Bankruptcy No. 84–00371.**

United States Bankruptcy Court,
D. Hawaii.

Nov. 15, 1984.

James Duca, Honolulu, Hawaii, for debtor.

Phillip L. Deaver, Honolulu, Hawaii, for movants.

Walter Schoettle, Honolulu, Hawaii, for creditor, Kulaulani.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: MOTION TO LIFT STAY

JON J. CHINEN, Bankruptcy Judge.

Creditors H.K. and Alberta K.A. Loui, ("Movants") filed the instant Motion to Grant Relief from Automatic Stay filed on September 13, 1984. Memoranda in opposition to the motion were filed on October 9, 1984, by Kulaulani, Ltd., ("Kulaulani"), Lillian Hagopian Corey ("Debtor") and, by Florence Ellis. The preliminary hearing was held on October 10, 1984, at which time the Court continued the stay until the final hearing. At the final hearing on October 16, 1984, Phillip Deaver, Esq. represented Movants, James Duca, Esq. represented the Debtor and Walter R. Schoettle, Esq. represented Kulaulani. The Court took the matter under advisement and now renders its findings of fact and conclusions of law based upon the evidence adduced, memoranda filed and arguments of counsel.

## FINDINGS OF FACT

On May 11, 1984, Movants obtained a $753,117.88 judgment for breach of contract against Debtor in the State Court. The Debtor has appealed the judgment but has not been able to post a supersedeas bond. On August 6, 1984, Debtor filed a voluntary petition instituting Chapter 11 bankruptcy proceedings, which gave rise to a stay against further proceedings in state court. In seeking relief from automatic stay, the Movants rely on three grounds: first, that the Chapter 11 petition was not filed in good faith; second, that the Movants are not adequately protected; and third, that Debtor has no equity in the property.

(1) Movants first contend that Debtor filed the bankruptcy petition primarily to delay Movants' enforcement of their judicial lien. Movants contend that they are the most significant creditors, that there are not a substantial number of unsecured creditors with claims against Debtor's property and that, aside from Movants, no other creditor was acting against Debtor's property.

In response, Debtor contends that this petition grants her a "breathing spell" to prosecute her appeal of the disputed judgment in favor of Movants so as to finally determine the amount of that obligation. Whether she is successful or not, Debtor contends that, through the reorganization process, she can marshall her assets and through orderly sale of her various property, both real and personal, seek to satisfy the claims of, not one, but all of her creditors. Debtor cites *In re Alton Telegraph Printing Co.*, 14 B.R. 238 (Bankr.S.D.Ill. 1981) in support of her position.

(2) Secondly, Movants contend that Debtor has no equity in her property and that such property is not necessary for an effective reorganization. However, Movants failed to present any evidence concerning the value of the property in which they claim a judgment lien.

In response, Debtor contends that her schedules show a net worth of $1.3 million, and that seven of the real estate holdings are scheduled at $949,000.00, supported by appraisals completed in June, 1984. Since the disputed judgment in favor of Movants totals $753,117.88, Debtor contends that there is sufficient equity. Debtor further contends that all properties are necessary for an effective reorganization.

(3) Finally, Movants contend that they are not adequately protected because of the continuing accumulation of interest on the judgment.

In response, Debtor contends that she is appealing the State Court judgment of $753,117.88 and that, even if Movants should prevail, they are adequately protect-

ed, because of the "equity cushion" in all of Debtor's properties.

## CONCLUSIONS OF LAW

### 1. *Good Faith.*

In a case nearly identical to the instant case, *In re Alton Telegraph Printing Co.,* 14 B.R. 238 (Bankr.S.D.Ill.1981), the debtor was forced into bankruptcy to avoid the forced sale and liquidation of its assets to satisfy a libel judgment then pending on appeal. The debtor expressed its willingness to pursue its appeal as far as necessary to secure a reversal of the judgment. The court found that the circumstances comprised good faith, in that the debtor was timely prosecuting the defense of the claims against it, was not in sound financial shape at the time the petition was filed, and was planning an orderly and equitable distribution of its assets in the event that its defense was unsuccessful.

■ In the instant case, the Debtor has likewise sought protection to avoid a forced sale so that she may prosecute her appeal of the State Court judgment. She is planning an orderly liquidation of her assets to pay all of her creditors. Debtor has also expressed a willingness to expedite her appeal of the judgment.

In *In re Johns-Manville Corp.,* 36 B.R. 727 (Bankr.S.D.N.Y.1984), the court found that the "good faith" test required only that there be a financially beleaguered debtor with real debts and real creditors, who would benefit from the filing of a reorganization petition.

In the instant case, two other creditors, Kulaulani and Ellis, feel that they will benefit under the reorganization efforts of Debtor. They have thus filed memoranda in opposition to Movants' motion.

### 2. *Equity.*

11 U.S.C. Sec. 362(d) provides that a party in interest, on request and after notice and a hearing, may obtain relief from the automatic stay, such as a termination, annulment, modification, or conditioning of the automatic stay:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

■ Since 11 U.S.C. § 362(d) is phrased in the disjunctive, in order to obtain relief from the automatic stay, Movants need prevail on only one of the two alternative tests set forth therein. *In Re: Development, Inc.,* 36 B.R. 998 (Bankr.Haw.1984); *La Jolla Mortgage Fund v. Rancho El Cajon Associates,* 18 B.R. 283 (Bankr.S.D.Cal. 1982).

■ Pursuant to 11 U.S.C. § 362(g), Movants have the burden of proof with respect to the issue of Debtor's equity in the property, while Debtor has the burden of proof on all other issues. *In Re: Development, Inc., supra; In Re: Monroe Park,* 17 B.R. 934 (D.C.Dela.1982).

■ In the instant case, Movants have failed to present any evidence concerning the value of the properties affected by the judgment lien. On the other hand, Debtor has shown through her schedules that, even with Movants' judgment established at $753,117.88, there is sufficient equity in the properties.

The Court finds that there is sufficient equity in the properties, and thus does not find it necessary to discuss the question of whether the properties are necessary for an effective reorganization.

### 3. *Adequate Protection.*

■ The real properties owned by Debtor have been appraised at $949,000.00. Even if Movants' judgment of $753,117.88 were affirmed on appeal, there is presently $195,000.00 in equity in Debtor's real properties. If we include Debtor's personal property, her assets total $1.3 million. The Court thus finds Movants are presently adequately protected.

Based on the foregoing, the Court finds that Movants have not shown grounds sufficient to mandate a lifting of the automatic stay, however, debtor's continued protection through the automatic stay should be based on debtor's expeditious processing of her appeal and her submission of a proposed plan of reorganization by January 31, 1985.

An order will be signed upon presentment.