### In the Matter of MANAGEMENT TECHNOLOGY CORP., Debtor.

**Bankruptcy No. 83–06613.**

United States Bankruptcy Court, D. New Jersey.

July 23, 1984.

Ravin & Kesselhaut, West Orange, N.J., for debtor.

Sills, Beck, Cummis, Zuckerman, Radin & Tischman, Newark, N.J., for Frank Pardo.

Hugh Leonard, U.S. trustee for the Dist. of N.J. and Del.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

This matter concerns the motion of Frank Pardo to dismiss the Chapter 11 case filed by Management Technology Corporation (MTC), pursuant to § 305[a][1] or § 1112[b] of the Bankruptcy Code. 11 U.S.C. §§ 305[a][1], 1112[b].

MTC has been engaged in the management consulting business since its formation in 1979. Forty-three per cent of the stock of MTC is owned by Pardo, 37 per cent by George Bubrick, 10 per cent by Myron Howitt, and the remaining 10 per cent, originally held by James Barrett, now held by the corporation.

On March 2, 1983, Bubrick filed an action against Pardo, Howitt, Barrett, Kathi Ventura, the corporate secretary, and MTC in the Superior Court of New Jersey, Chan-

cery Division, alleging various acts of mismanagement, conversion and other improper conduct threatening the rights of stockholders. In April of 1983, an amended complaint was filed, dropping Howitt and Barrett as defendants and adding them as plaintiffs-in-intervention.

On May 27, 1983, the state court denied defendants' motion to enjoin the annual stockholders and directors meetings of MTC scheduled for June 1, 1983, but restrained implementation of all actions taken at the meetings pending review of such actions by the Court.

In June of 1983, the defendants filed a counterclaim seeking, among other things, a declaration of the rights of the parties in the stock of MTC; in essence, defendants seek control of the corporation.

By letter opinion dated July 1, 1983, the state court removed the restraints on implementation of shareholder action, stating, in part, "The will of the majority/plurality of stockholders has been clearly expressed. It must be given full effect and deference with respect to the internal workings and management of MTC."

On September 8, 1983, in accordance with actions taken at the June 1 shareholders meeting, George Bubrick, Thomas Bubrick, Howitt and Barrett became the directors of MTC, and Barrett assumed the position of president, succeeding Pardo.

On November 18, 1983, MTC filed a petition for reorganization under Chapter 11 of the Code and has, since that date, been operating as a debtor-in-possession. On February 6, 1984, MTC filed a complaint in the bankruptcy court against several defendants, including Pardo and Ventura, the defendants in the state court action, seeking to recover damages for conversion, preferential payments, fraudulent transfers, breach of fiduciary duty and tortious interference of economic advantage. For the most part, the factual allegations forming the basis of the complaint are identical to those asserted in the state court action against Pardo and Ventura.

## DISCUSSION

■ Pardo now moves to dismiss the Chapter 11 petition pursuant to sections 305[a][1] and 1112[b] of the Code. Section 305[a][1] provides that:

[a] The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

■ the interests of creditors and the debtor would be better served by such dismissal or suspension....

The movant's argument for dismissal under § 305[a][1] is succinctly set forth at page 6 of his brief:

The debtor's petition in bankruptcy should be dismissed because it is merely a reincarnation of the State Court shareholders' dispute which is still pending before the Superior Court ... and the present bankruptcy was filed to circumvent the jurisdiction of that court.

The movant relies, to a great extent, upon *In the Matter of Win-Sum Sports, Inc.*, 14 B.R. 389 (Bankr.D.Ct.1981).

As noted by the court in *Win-Sum Sports, Inc.*, dismissal of a case under § 305[a] should be used sparingly in light of the fact that such an order is not reviewable by appeal or otherwise. Given the facts of this case, the Court finds no basis for dismissal under § 305[a][1]. The movant has failed to demonstrate, or even suggest, that the interests of creditors and the debtor would be better served by dismissal, as required by § 305[a][1].

The certification of James Barrett, president of MTC, states that the petition was filed as a result of "MTC's insolvency, the loss of its employee and client base, the wage claims of employees that could not be paid due to insufficient funds, and the company's desire to continue in business and reorganize." The schedules filed by the debtor list liabilities of $990,514.70 and assets of $331,121.11. The movant does not dispute that MTC is losing employees and clients, and was unable to pay employees; nor does he dispute MTC's inability to continue to operate without the protection of the bankruptcy laws. In fact, the certifica-

tion of the movant's counsel, in support of the motion to dismiss, states at paragraph 10, "I believe that an examination of Mr. Barrett will demonstrate that the Corporation can no longer operate its business profitably, and should be liquidated." Unquestionably, it appears that MTC is in financial difficulty and that current management, approved at least temporarily by the state court, is attempting to reorganize. It also appears that Pardo is attempting to thwart the reorganization effort without a showing that dismissal would be in the best interest of anyone but his own.

Dismissal of these proceedings finds little support in *In the Matter of Win-Sum Sports, Inc., supra*, which involved abstention where a minority creditor/shareholder persuaded two other creditors to join him in filing an involuntary Chapter 11 petition against the corporation, notwithstanding some forward movement in the efforts of the corporation and creditors to reach an out of Court workout. The creditor/shareholder persuaded the other petitioning creditors to file by agreeing to pay all costs, and to indemnify them for all losses or damages that might be sustained if the petition were dismissed. As the court noted, those circumstances are clearly analogous to those cited in the legislative history as an example of grounds for dismissal under § 305[a][1]. The *Win-Sum* court determined that the sole purpose of the filing was to utilize the bankruptcy court as an alternate approach to the state court in resolving a shareholder dispute. The facts of the instant case are clearly distinguishable. The petition was filed by the controlling shareholders, an out of court workout was not pending, and the business was unable to continue its operation absent protection under Chapter 11.

Having concluded that dismissal is not warranted under § 305[a][1], the Court turns to the question of whether cause, sufficient to support dismissal under 11 U.S.C. § 1112[b], exists. The movant, contending that the debtor did not file in good faith, argues, as he did under § 305, that the purpose of the filing was simply to circumvent the jurisdiction of the state court. The Court rejects that contention and denies the motion to dismiss.

Though lack of good faith is not included in the list of "causes" enumerated in § 1112[b], it is generally agreed that lack of a good faith filing constitutes a "cause" for dismissal. *See, e.g., Weatherfield Farms, Inc. v. First Interstate Bank*, 15 B.R. 282 (D.Ct.Vt.1981); *In the Matter of Nikron, Inc.*, 27 B.R. 773 (Bankr.E.D.Mich. 1983); *North Central Development Co. v. Landmark Capitol Co:* (In re Landmark Capitol Co.), 27 B.R. 273 (Bankr.D.Az.1983); *In the Matter of 299 Jack Hemp Associates*, 20 B.R. 412 (Bankr.S.D.N.Y.1982); *In re Northwest Recreational Activities, Inc.*, 4 B.R. 36 (Bankr.N.D.Ga.1980). Additionally, this Court has recognized its "inherent power to dismiss a Chapter 11 case when its jurisdiction has been improperly invoked." *Continental Illinois National Bank and Trust Co. v. Century City, Inc.* (In the Matter of Century City, Inc.), 8 B.R. 25, 30 (Bankr.D.N.J.1980).

■ In general terms, a petition is not filed in good faith when the person seeking relief invokes the jurisdiction of the bankruptcy court for purposes inconsistent with the aims and purposes of the Bankruptcy Code. As stated in *In re Victory Construction Co.*, 9 B.R. 549, 558 (Bankr.C.D. Ca.1981):

> The provisions of the Code dealing with rehabilitation and reorganization must be viewed as direct lineal descendants of a legal philosophy solidly embedded in American Bankruptcy law. Review and analysis ... disclose a common theme and objective: avoidance of the consequences of economic dismemberment and liquidation, and the preservation of ongoing values in a manner which does equity and is fair to rights and interests of the parties affected. But the perimeters of this potential mark the borderline between fulfillment and perversion.... That borderline is patrolled by courts of equity, armed with the doctrine of "good faith": the requirement that those who

invoke the reorganization or rehabilitative provisions of the bankruptcy law must do so in a manner consistent with the aims and objectives of bankruptcy philosophy and policy—must, in short, do so in "good faith".

See also In the Matter of Mogul, 17 B.R. 680, 681–82 (Bankr.M.D.Fl.1982).

As discussed above, the Court is not convinced that this petition was filed merely to escape state court litigation. MTC is, without doubt, a financially troubled corporation whose present management is attempting to reorganize within the permissible protective limitations of Chapter 11 of the Bankruptcy Code. Given the primary objective of Chapter 11, the financial condition of the debtor and the discernible intent of management, the Court holds that the petition was filed in good faith.

For all of the above reasons, the motion for dismissal is denied. Submit an order in accordance therewith.