In re Dale L. SCHEFFLER, Diane M. Scheffler, Debtors.

Bankruptcy No. EF11–85–02127.

United States Bankruptcy Court,
W.D. Wisconsin,
at Eau Claire.

April 2, 1986.

David Erspamer, Amery, Wis., for Creditor 1st American Agricultural Loans of Colfax.

Dale L. Scheffler and Diane M. Scheffler, pro se.

## OPINION AND ORDER

WILLIAM H. FRAWLEY,
Bankruptcy Judge.

First American Agricultural Loans of Colfax, Inc. (FAAL), by David Erspamer, has brought this motion seeking dismissal of these bankruptcy proceedings. The debtors appear pro se and contest the motion. A hearing was held on this matter on January 27, 1986. The parties were permitted to brief the issues. The debtors then requested to be permitted oral argument in lieu of filing a brief. Such permission was granted by the court. FAAL filed its brief and the debtors filed a reply brief. Oral arguments were heard on February 24, 1986. The court has carefully considered the evidence, oral arguments, and briefs of both parties and it is the conclusion of the court that the debtors are not entitled to the protection of the Bankruptcy Code and their petition should be dismissed.

The debtors are engaged in the business of dairy farming. They do not own any real estate and rent all the real estate they use in their farming operation. The debtors do own a considerable amount of livestock and own various other farming implements that are used in their farming operation. On June 14, 1982, the debtors borrowed $55,000 from FAAL for financing. The debtors gave FAAL a security interest in property as collateral for the loan.

FAAL filed a financing statement in June of 1982 perfecting a security interest in:

All farm equipment now owned or hereafter acquired by debtor, and all accessions, to, such farm equipment.

All livestock now owned or hereafter acquired by Debtor, and the young of all livestock.

The following products of livestock now owned or hereafter acquired by Debtor: Meat and milk

All accounts and contract rights now owned or hereafter acquired by debtor arising from the sale, lease, or other disposition of the following farm products: Meat, milk and grain

All livestock feed now owned or hereafter acquired by Debtor

FAAL also took a security interest in a car owned by the debtors and perfected this by a title filing.

The debtors proceeded to make payments to FAAL under the terms of their agreement. The debtors were never late with a payment and often pre-paid portions of their obligation. Accordingly, the financing was renewed yearly. On January 18, 1985, the debtors mailed a certified letter to FAAL with a writing enclosed that was entitled "Fractional Reserve Check." The debtors have not made a payment to FAAL since then. The "Fractional Reserve Check" purported to be a payment in the amount of $61,333.56 and was intended to be in full payment of the debtors' account with FAAL. Apparently this was an attempt to create a checking account that was drawn on the debtors themselves. The face of this writing stated that it was redeemable in a "certificate of credit." See Exhibit "A".

FAAL initiated state court proceedings against the debtor. An Order and Judgment was signed on October 23, 1985, awarding FAAL the right to immediate possession of the collateral it had a perfected security interest in. The debtors filed this bankruptcy petition on October 24, 1985. The debtors still have not filed a disclosure statement; however, they did file a motion requesting extension of time for filing a disclosure statement and plan

on February 6, 1986. FAAL has motioned the court requesting the dismissal of the debtors' bankruptcy petition.

A case may be dismissed pursuant to § 1112(b) of the Bankruptcy Code for "cause." 11 U.S.C. § 1112(b). Lack of good faith on the part of petitioning debtors constitutes such "cause" for dismissal. *In re Landmark Capital Co.*, 27 B.R. 273, 281 (Bankr.D.Ariz.1983). "It is generally recognized that 'good faith' is a threshold prerequisite to securing Chapter 11 relief and that the lack of such good faith constitutes 'cause' sufficient for dismissal under 11 U.S.C. § 1112(b)." (citations omitted) *Matter of Madison Hotel Associates*, 749 F.2d 410, 426 (7th Cir.1984).

Basically a debtor demonstrates a lack of good faith when it uses the Bankruptcy Code for purposes other than what it was intended for. *Matter of Management Technology Corp.*, 54 B.R. 5 (Bankr.D.N.J. 1984). "In general terms, a petition is not filed in good faith when the person seeking relief invokes the jurisdiction of the bankruptcy court for purposes inconsistent with the aims and purposes of the Bankruptcy Code." *Id.* at 7. Good faith is "the requirement that those who invoke the reorganization or rehabilitation provisions of the bankruptcy law must do so in a manner consistent with the aims and objectives of bankruptcy philosophy and policy." *In re Victory Construction Co.*, 9 B.R. 549, 558 (Bankr.C.D.Cal.1981). It is the requirement that the debtor has good intentions and honestly requires the liberal protection of the Bankruptcy Code. *In re Setzer*, 47 B.R. 340, 344 (Bankr.E.D.N.Y.1985).

An examination of a debtor's good faith requires an inspection of the many relevant factors and their interaction. *In re Setzer*, 47 B.R. 340, 348 (Bankr.E.D.N.Y.1985). There is not any one factor that has emerged as evidence of a debtor's lack of good faith; rather, it is the manner that several factors work together to indicate that a debtor has not filed his petition in accordance with the aims and purposes of the Bankruptcy Code. *Furness v. Lilienfield*, 35 B.R. 1006, 1012 (D.Md.1983). When these relevant factors reveal that the petition was filed for purposes inconsistent with the aims and objectives of bankruptcy philosophy then the petition should be dismissed. *Id.*

There is a shifting burden of proof involved in the examination of a debtor's lack of good faith. Initially the creditor has the burden of introducing evidence that calls the debtor's good faith into question. *In re Setzer*, 47 B.R. 340, 345 (Bankr.E.D.N.Y. 1985). Then, "once the debtor's good faith has been called into question, the debtor bears the burden of proving that the filing was made in good faith." *Id.*

In the instant case there are many factors that, when considered together, indicate that the debtors' petition was not filed in good faith. The first of these factors involves the nature of the debts and the types and number of creditors. It is very evident that there is a general lack of unsecured creditors. The debtors list only one unsecured creditor. This debt amounts to $675.69 and is listed as disputed in the debtors' schedules. It has been held that a lack of unsecured creditors is a factor evidencing a debtor's lack of good faith. *In re Setzer*, 47 B.R. 340, 346 (Bankr.E.D.N.Y. 1985); *In re The Alison Corp.*, 9 B.R. 827 (Bankr.S.D.Cal.1981). The debtors only list two creditors in their schedules as having secured claims. The first is listed as disputed and in the amount of $741.98. The second is the debt owed to FAAL and is also listed as disputed and in the amount of $71,731.69. The debtors are current in all of their other obligations.

It is apparent that the only creditor with a substantial claim against the debtors is FAAL. It is generally considered to be evidence of a debtor's lack of good faith when a bankruptcy petition is filed solely to thwart the collection efforts of a single creditor. See *In re Landmark Capital Co.*, 27 B.R. 273, 279 (Bankr.D.Ariz.1983). It is further indication of a debtors lack of good faith when there is evidence that the debtor does not legitimately need the protection of the bankruptcy court. The Bankruptcy Code was intended to provide relief for financially distressed debtors. In the instant case there is no indication that

the debtors stopped paying FAAL because of financial distress. Instead, it appears that the debtors stopped paying FAAL even though they were financially able to make the payments. The debtors now ask the court to sanction further activity of delaying the collection efforts of FAAL. The debtors listed $1,900 of cash on hand in their filing schedules. The debtors were current in their payments to FAAL until they mailed the "fractional reserve check" and discontinued payments. There is no evidence that the debtors suffered a decrease in income at that time and they remained current in substantially all of their other debt obligations. The fact that the debtors unfairly singled out this creditor and subjected it to unfair and discriminatory treatment is evidence of their lack of good faith. *In re Landmark Capital Co.*, 27 B.R. 273, 279 (Bankr.D.Ariz.1983). In order for there to be a good faith bankruptcy filing there must be real debts, real creditors, and the debtor must need relief from financial distress. *Furness v. Lilienfield*, 35 B.R. 1006, 1012 (D.Md.1983).

The evidence that the debtors are using the Bankruptcy Code as a litigation tactic to frustrate collection efforts of legitimate creditors indicates a lack of good faith. *In re Landmark Capital Co.*, 27 B.R. 273 (Bankr.D.Ariz.1983). The Bankruptcy Code should not be used as a litigation tactic. *In re Setzer*, 47 B.R. 340 (Bankr.E.D.N.Y.1985). The intent to stall creditors from enforcing their judgment is an indication of a lack of good faith. *In re Wally Findlay Galleries (New York)*, 36 B.R. 849 (Bankr.S.D.N.Y.1984). The fact that the debtors filed their bankruptcy petition immediately after judgment was rendered against them may be evidence that the debtors are using the Bankruptcy Code merely as a litigation tactic to stall the enforcement of the state court judgment. *Id.* The fact that the debtor has still not filed a disclosure statement or plan is evidence that the debtors are simply attempting to delay the collection efforts of FAAL.

The fact that the debtors are attempting to use this court to review the state court decision granting FAAL judgment against them is also evidence of a lack of good faith. The use of the Bankruptcy Code for this purpose is inconsistent with the underlying policy of the Code. The debtors' intentions of using this court for such purposes are evident in the debtors' brief. It is also evident from the fact that the debtors have filed a motion with this court entitled "Debtors' Motion for Review of Dunn County Case No. 85–CV–118." However, it is simply not the function of the bankruptcy court to review state court decisions. *In re Wally Findlay Galleries (New York)*, 36 B.R. 849, 851 (Bankr.S.D.N.Y.1984). A petition filed for the purpose of seeking review of a state court decision is not filed in good faith and should be dismissed. *Id.* The purpose of a Chapter 11 petition is to help financially distressed debtors reorganize and should not be used for ulterior purposes.

The debtors' lack of reviewable accounting records is also evidence that their bankruptcy petition was not filed in good faith. The debtors stopped keeping any reviewable accounting records in the spring of 1985. The debtors do not have a checking or savings account. They handle substantially all their transactions on a cash basis. The debtors argue that there is not a law requiring them to keep a checking or savings account or even requiring them to keep accurate records of their farming operation. The debtors argument misses the point. When debtors appear before the bankruptcy court it is helpful if they keep financial information that is sufficient to allow the court to make an informed determination of the debtors' financial status. An absence of such information may be an indication of the debtors' lack of good faith. When there is evidence that the debtors stopped paying creditors for reasons other than financial distress then the fact that the debtors do not keep reviewable accounting records acquires additional significance.

Finally, the fact that the debtors did not enter these proceedings with "clean hands" is additional evidence of their lack of good faith.

Clean hands doctrine. Under "clean hands" doctrine, equity will not grant

relief to a party, who, as actor, seeks to set judicial machinery in motion and obtain some remedy, if such party in his prior conduct has violated conscience or good faith or other equitable principle. Black's Law Dictionary 227 (5th ed. 1939) The bankruptcy court is a court of equity. It is part of the good faith requirement that the parties coming before the bankruptcy court seeking relief must enter with clean hands. *Furness v. Lilienfield,* 35 B.R. 1006, 1011 (D.Md.1983). The debtors have attempted to escape paying off their debt to FAAL by employing questionable methods. The debtors singled out this creditor and subjected it to unfair and discriminatory treatment. The debtors are current with substantially all of their other obligations. They attempted to take advantage of this creditor by conduct that violates the conscience of this court. This court cannot allow this same creditor to bear the entire burden of financing the debtors' reorganization. The debtors do not come before this court with clean hands

and this is additional evidence of their lack of good faith.

It is evident that FAAL has provided sufficient evidence to call the debtors good faith into question. *In re Setzer,* 47 B.R. 340, 345 (Bankr.E.D.N.Y.1985). Hence, the debtors bear the burden of proving the filing was made in good faith. *Id.* It is the conclusion of this court that the debtors have failed to carry their burden of proving that their filing was in good faith. The debtors' lack of good faith constitutes "cause" for dismissal of this bankruptcy petition pursuant to 11 U.S.C. § 1112(b). *Matter of Madison Hotel Associates,* 749 F.2d 410, 426 (7th Cir.1984).

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### ORDER

NOW, THEREFORE, IT IS ORDERED THAT, the debtors' Chapter 11 bankruptcy case is hereby dismissed.

EXHIBIT A

January 18, 1985

Dale L. Scheffler
RT. #3 Box 208
Menomonie, WI. 54751

First American Ag. Loans Of Colfax, Inc.
115 South Main Street
P.O. Box 516
Colfax, WI. 54730

Certified Mail # P 245 194 348
Return Receipt Requested

Dear Bank:

Enclosed is a check for the sum of $61,333.56 as full payment, in like kind of money, for Personal Property on Account No. 0000000897 located at RT. #3 Box 208, Menomonie, WI. 54751. Please send me a receipt. A stamped self addressed envelope is enclosed for your convenience.

Sincerely Yours,
(s) Dale L. Scheffler

*Fractional Reserve Check*

№ 3101

*1-18* ____ 19 *85*

THE UNDERSIGNED WILL PAY TO ____ First American Ag. Loans, Colfax $ 61,333.56

*Sixty One Thousand Three Hundred Thirty Three 56/100* DOLLARS

OF CREDIT TO THE BEARER ON DEMAND.

*Dale L. Scheffler*
SIGNATURE

Dale L. Scheffler
NAME

RT.#3 Box 208
ADDRESS

Menomonie, WI. 54751
CITY, STATE, P.O. ZIP NO.

THIS CHECK IS REDEEMABLE IN A CERTIFICATE OF CREDIT, AT FULL FACE VALUE WHEN PRESENTED TO THE ISSUER AT HIS PLACE OF RESIDENCE. VOID IF NOT PRESENTED FOR PAYMENT WITHIN 60 DAYS.

*Certificate of Credit*

*2-21* ____ 1985

THE UNDERSIGNED WILL PAY TO ____ First American Bank Of Colfax $61,333.56

*Sixty One Thousand Three Hundred Thirty Three 56/100* DOLLARS

OF CHECKBOOK MONEY TO THE BEARER ON DEMAND.

*Dale L. Scheffler*
SIGNATURE

Dale L. Scheffler
NAME

Rt3 Box 208
ADDRESS

Menomonie, WI. 54751
CITY, STATE, P.O. ZIP NO.

THIS CERTIFICATE OF CREDIT IS REDEEMABLE IN A FRACTIONAL RESERVE CHECK AT FULL FACE VALUE WHEN PRESENTED TO THE ISSUER AT HIS PLACE OF RESIDENCE. VOID IF NOT PRESENTED FOR PAYMENT WITHIN 60 DAYS.