**In re William M. McLAURY, III and Ruby Kathleen McLaury, Debtors.**

**Bankruptcy No. 582–00039.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

July 19, 1982.

R. Byrn Bass, Jr., Bass & Hobbs, and Robert B. Wilson, Sims, Kidd, Hubbert & Wilson, Lubbock, Tex., for William M. McLaury, III and Ruby Kathleen McLaury, debtors.

Carroll Cobb, Lubbock, Tex., and Harry Jung, Jung & Marley, Crosbyton, Tex., for Roy and Ann Hodges.

BILL H. BRISTER, Bankruptcy Judge.

ORDER ON MOTION TO DISMISS AND ON MOTIONS FOR OTHER RELIEF

Order for relief under Chapter 11 of Title 11, United States Code, was entered on the

petition of William M. McLaury, III and Ruby Kathleen McLaury on March 11, 1982. Although there are a few small secured debts and one small scheduled unsecured debt, the principal liability of the debtor, William M. McLaury, III, is evidenced by a judgment[1] entered on March 3, 1982, by a state court in favor of Roy Hodges and wife, Ann Hodges, in the total sum of $512,-243.20, with interest as provided in the judgment. That judgment is disputed by the debtors and appeal has been perfected to the Court of Civil Appeals of Texas at Amarillo. However, the debtors filed no supersedeas bond and within a few days after the judgment was entered debtors filed this joint petition for order for relief.

The debtors have filed motion for extension of time within which to file proposed plan of arrangement, contending that until the Court of Civil Appeals acts upon the appeal they cannot determine the amount, if any, of the liability of William M. McLaury, III to the Hodges and thus they cannot meaningfully determine how and when they can pay the debts. In addition, they have filed motion, seeking extension of time within which to designate the homestead, because, aside from the ten acre tract upon which the residence is located, they have not determined the additional acreage which they contend constitutes a portion of the 200 acre rural homestead.

█ Don Hodges and Ann Hodges opposes each of the motions filed by the debtors. In addition, they have filed motion to dismiss the Chapter 11 proceeding, contending that it was not filed in good faith. By separate adversary proceedings they contend that their debt should be excepted from discharge if the case is not dismissed. The nine factors provided by § 1112(b) for conversion or dismissal of a case are not exhaustive and the Court may consider other factors as they arise and use its equitable powers to reach its decision as to whether "cause" exists to dismiss a Chapter 11 case. *Matter of Horizon Hospital, Inc.,* 10 B.R.

672 (Bkrtcy.M.D.Fla., 1981); *Matter of Nancant,* 8 B.R. 1005 (Bkrtcy.D.Mass., 1981). *See* also *House Report,* No. 95–595, 95th Cong. 1st Sess. (1977) 405; Senate Report No. 95–989, 95th Cong. 2d Sess. (1978) 117, U.S.Code Cong. & Admin.News 1978, p. 5787. Thus, what is "cause" for dismissal is subject to judicial discretion under the circumstances of each case.

The oft-cited case of *In re Northwest Recreational Activities, Inc.,* 4 B.R. 36 (Bkrtcy.N.D.Ga., 1980) analyzes the good faith issue as follows:

> "Good faith . . . is merged into the power of the Court to protect its jurisdictional integrity from schemes of improper petitioners seeking to circumvent jurisdictional restrictions and for petitioner's with demonstrable frivolous purposes absent any economic reality. The inclusion of 'good faith' tests in the jurisdictional integrity sense within the provision of § 1112 as perceived by this Court combines to insure that the legal status and economic condition of the debtor are within the jurisdictional grant and purpose of Chapter 11."

A case with many similarities to the instant case is that of *In re Alton Telegraph Printing Co.,* 14 B.R. 238 (Bkrtcy.S.D.Ill., 1981) wherein a libel judgment holder filed motion to dismiss Chapter 11 proceedings instituted by the debtor newspaper. The judgment against the newspaper was for 9.2 million dollars. The newspaper filed for bankruptcy under Chapter 11 during the pendency of appeal of the libel judgment. As here, the newspaper admitted that it could not obtain a supersedeas bond to forestall execution of the judgment, because of the amount of the judgment in relation to its net worth. In refusing to dismiss the case the Court relied on the fact that Chapter 11 was necessary in order to preserve the status of the newspaper as an ongoing concern and to protect the employees and other creditors of the paper pending completion of the appellate process. The Court

---

1. The judgment was premised on a charge of tortious injury, willfully and maliciously committed by McLaury when he shot Hodges.

also pointed to the fact that the debtor had filed a plan of reorganization, that the case had progressed in the Court in an orderly and expeditious manner, and that the debtor had been generally cooperative with the Court in proceeding towards an orderly and equitable distribution of its assets. The Court concluded by stating that "in light of the emergency nature of this filing, and the progression of this case leading up to an orderly and equitable distribution of its assets, it is clear that the filing of the Chapter 11 petition by the telegraph is in good faith." *Id.* at 241.

There are also significant distinctions between the present case and the *Alton Telegraph* case. In *Alton Telegraph* the debtor had filed a meaningful plan of reorganization and was proceeding in an orderly and equitable manner. Also, in *Alton Telegraph* the liabilities of the debtor, with the challenged judgment, exceeded the assets. The schedules filed by the debtor in this case reflects that liabilities exceed assets. However, there were disturbing arguments at the hearing which casts some doubt on the accuracy of the schedules of assets filed by the McLaurys in this case.

▉ For the present the Court will proceed on the assumption that the schedules filed by the debtor are substantially accurate, that the liabilities of the debtors, when the challenged judgment is considered, exceed the assets, and that the "economic condition" necessary to justify bankruptcy proceedings exist. In that event the filing itself is in "good faith."

However, I am not persuaded by the debtors' argument that they should not be required to file a plan until the appeal is concluded and that further extension of time should be given for them to select the tracts of real estate which they will exempt under V.A.T.S. art. 3833. By not later than August 6, 1982, the debtors shall designate the tracts of real estate which they seek to exempt as homestead under art. 3833. By not later than September 1, 1982, the debtors shall file their disclosure statement and a meaningful plan of reorganization.

It is, therefore, ORDERED by the Court that:

1. The debtors, William M. McLaury, III and Ruby Kathleen McLaury, be, and they are hereby, directed to identify and designate their rural homestead by not later than August 6, 1982;

2. The debtors, William M. McLaury, III and Ruby Kathleen McLaury, be and they are hereby, directed to file disclosure statement and meaningful plan of reorganization by not later than September 1, 1982; and

3. The motion by Roy Don Hodges and Ann Hodges to dismiss this Chapter 11 case be, and it is hereby, presently denied without prejudice.

All relief not herein granted is denied.

The Clerk is directed to file this order and to furnish a copy of the order to the attorneys of record.