## In re WALLY FINDLAY GALLERIES (NEW YORK), INC., Debtor.

### Bankruptcy No. 83 B 10661 (EJR).

United States Bankruptcy Court, S.D. New York.

Feb. 10, 1984.

Javits, Hinckley, Rabin & Engler, New York City, for plaintiffs Wally Findlay Galleries Intern., Inc., and Walstein C. Findlay Realty, Inc.

Stroock & Stroock & Lavan, New York City, for debtor.

## DECISION ON MOTION TO DISMISS PETITION

EDWARD J. RYAN, Bankruptcy Judge.

On May 3, 1983, Wally Findlay Galleries (New York), Inc., filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. The debtor was continued in possession of its property and in operation of its business pursuant to sections 1107 and 1108 of the Bankruptcy Code.

■ By order to show cause dated September 23, 1983, Wally Findlay Galleries International, Inc. (International) and Walstein C. Findlay Realty, Inc. (Realty) seek an order of this court dismissing the instant Chapter 11 petition. Pursuant to 11 U.S.C. § 1112(b), a Chapter 11 petition may be dismissed for "cause". Sufficient cause exists herein as the debtor filed its petition for an improper purpose.

The debtor operates an art gallery in a building located at 17 East 57th Street, New York City (premises) under a franchise agreement with International and a lease with Realty. The lease and franchise agreement were executed on October 1, 1980. At that time the debtor executed a promissory note for $124,000, payable in installments, in favor of International in partial payment of the franchise fee.

As part of this transaction, International sold all of the outstanding stock of the debtor to the Borynack Corporation. In partial payment for the stock, the Borynack Corporation executed a promissory note in favor of International for $96,000 payable in installments. Both notes provided for acceleration in the event of a default.

James R. Borynack, the sole shareholder of the Borynack Corporation, personally guaranteed the obligations of the Borynack Corporation.

The debtor and the Borynack Corporation defaulted in the payment of the installments of their respective obligations due in September, 1982. On December 1, 1982, International moved in New York State Supreme Court (Index no. 27508/82) for summary judgment in lieu of complaint on the three abovementioned instruments. International's motion was granted by decision dated February 4, 1983.

By motion dated March 17, 1983 the debtor, the Borynack Corporation and James R. Borynack sought leave to renew or reargue International's motion for summary judgment in lieu of complaint. This motion was denied on April 22, 1983.

On May 3, 1983, the New York State Supreme Court entered a judgment obligating the debtor to pay $147,129.50 to International and obligating the Borynack Corporation and James R. Borynack to pay the sum of $113,820 to International.

By notice dated October 26, 1982, Realty terminated its lease with the debtor, deeming the non-payment of the notes as an event of default under the lease. Thereafter, Realty filed a complaint in New York State Supreme Court (Index no. 26269/82) which contained a cause of action for ejectment. By motion of April 21, 1983, Realty sought summary judgment on this cause of action. This motion was granted in a deci-

sion dated June 16, 1983 in reliance on the grant of summary judgment on the notes.

The debtor's filing of its Chapter 11 petition brought this litigation to a halt. By application filed June 1, 1983, the debtor removed these actions to this court.

It is clear that the debtor did not file its petition to reorganize, but rather as a litigating tactic in its dispute with International and Realty. The petition was filed the same day that judgments on the promissory notes were entered in the state court. *See In re Ripples of Clearview, Inc.,* 26 B.R. 453, 455 (Bkrtcy.E.D.N.Y.1983). Neither the debtor, the Borynack Corporation, nor Mr. Borynack has sufficient assets to post a bond in order to stay these judgments pending appeal. The debtor filed its petition herein to avoid the consequences of adverse state court decisions while it continues litigating. This court should not, and will not, act as a substitute for a supersedeas bond of state court proceedings.

The debtor also seeks to use this court as an appellate forum to review the state court's grant of summary judgment on the notes in the context of a lease assumption. Pursuant to 11 U.S.C. § 365, in order for an unexpired lease to be assumed, defaults must be cured, or adequate assurance of prompt cure must be provided.

The debtor asserts that International and Realty engaged in an eighteen month conspiracy to destroy the value of the debtor's franchise in order to recapture the lease of the premises for their own benefit. The debtor proposes to cure the defaults under its lease with Realty, the non-payment of franchise fees, by litigating its conspiracy claims. The debtor claims that the recovery from this litigation will more than offset the outstanding franchise fees.

However, Justice Fraiman of the New York State Supreme Court granted summary judgment on the notes, rejecting the debtor's assertion of meritorious counterclaims based on the alleged conspiracy. He denied the debtor's motion to renew or reargue. It is not this court's function to re-view a state court grant of summary judgment. *See, In re Pagoda International, Inc.,* 26 B.R. 18, 21 (Bkrtcy.D.Md.1982).

The debtor is unable to propose a meaningful plan of reorganization until its litigation with International and Realty is resolved. Thus, it is evident that the debtor seeks to use this court not to reorganize, but to relitigate. This is an impermissible use of Chapter 11 of the Bankruptcy Code. Consequently, the above captioned petition must be dismissed.

Settle an order directing entry of judgment.