**In re KARUM GROUP, INC., Debtor.**

**Bankruptcy No. 86–04934–Y11.**

United States Bankruptcy Court,
W.D. Washington.

Oct. 15, 1986.

Frederick P. Corbit, Lasher & Johnson, Seattle, Wash., for debtor.

Larry Daugert, Brett & Daugert, Bellingham, Wash., for Deacon Group.

## OPINION ON MOTION TO DISMISS AND FOR RELIEF FROM STAY

SAMUEL J. STEINER, Bankruptcy Judge.

This matter is before the Court on a motion for dismissal or in the alternative for relief from the automatic stay of Section 362(a) of the Code. The six moving parties, the Deacon Group, are judgment creditors of the debtor and contend that this case is a bad faith filing in that the debtor is using the Chapter 11 process in lieu of posting a supersedeas bond.

### FACTS

The debtor is a non-profit corporation which was organized in California in 1971. Thereafter, the debtor qualified to do business in the State of Washington, and established its main base of activity in Whatcom County, Washington. In essence the debtor is a commune. From time to time, individuals would join the debtor, and as a requirement of so doing, contributed all of their assets to it. Thereafter, the members' time and wages would also be contributed to the commune for the common benefit of it and its members.

The debtor, as part of its activities, operates the Anderson Creek School in Bellingham, Washington, which is designed to assist disruptive and disfunctional students. At present, the school has eighteen students and approximately five employees. The record is not clear as to whether the employees are members or independent third parties. The school operation is profitable. However, specific figures have not been provided.

Larry Katz was the founder of the debtor and at all pertinent times has been its director, chief executive officer, and the leader of the commune.

In 1984, the Deacon Group members (now former members of the debtor) became dissatisfied with the debtor, disassociated themselves from it, and commenced suit against it, Katz, and two subsidiaries in the Washington State Superior Court. The action sought damages for alleged breach of contract, fraud, conversion, negligence, and the tort of outrage. The suit further alleged that Katz had breached his fiduciary duties to the debtor and to its members, and that the debtor was the alter ego of Katz.

On July 7, 1986, after a jury verdict a judgment based in part on fraud was entered in favor of the Deacon Group and against the debtor and Katz in the combined total sum of $1,406,071 plus costs. Shortly thereafter, the trial court entered a supplemental judgment which established that the debtor was the alter ego of Katz.

This Chapter 11 case was filed on July 14, 1986. On August 1, 1986, both the debtor and Katz filed a Notice of Appeal from the state court judgment. The debtor is unable to post a supersedeas bond.

The schedules reflect secured claims of $236,902, apparently undisputed, unsecured claims which are not disputed of $32,062, disputed unsecured claims of $10,220,494 including those of the Deacon Group, and assets of $1,172,539. During oral argument, the Court was advised that but for the judgment, the debtor would be solvent and able to pay its debts in the ordinary course of its business. The Court was also advised that prior to filing, Katz was removed as the principal executive officer of the debtor.

## DISCUSSION

The issues facing this Court are whether a debtor may invoke a Chapter 11 to avoid posting a supersedeas bond, and if not, is that what this debtor is attempting to accomplish by its filing of the petition in this case.

■ Initially, it is well established that every bankruptcy filing requires the element of good faith. *Matter of Little Creek Development Co.*, 779 F.2d 1068 (5th Cir. 1986); *Matter of Winshall Settlor's Trust*, 758 F.2d 1136 (6th Cir.1986); *In re Victory Construction Co., Inc.*, 9 B.R. 549 (Bankr. C.D.Cal.1981). The Fifth Circuit has stated that "Determining whether the debtor's filing for relief is in good faith depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities." *Little Creek, supra,* at 1072.[1]

There are at least three reported cases on the issue of whether debtors may use the bankruptcy courts to avoid state court supersedeas bond requirements. *In re Smith*, 58 B.R. 448 (Bankr.W.D.Ky.1986); *In re Wally Findlay Galleries*, 36 B.R. 849 (Bankr.S.D.N.Y.1984); *In re Alton Telegraph Printing Co.*, 14 B.R. 238 (Bankr.S.D.Ill.1981). The cases pose two lines of authority. *Alton Telegraph* held that a debtor was in good faith where it filed a Chapter 11 to avoid posting a supersedeas bond. On the other hand, *Smith* and *Wally Findlay* conclude that it is bad faith to file a Chapter 11 to avoid posting such a bond.

The debtor urges the Court to adopt *Alton Telegraph* and hold that where a debtor is protecting a legitimate and ongoing business (the school in this case), it may file a Chapter 11 to avoid posting a supersedeas bond. The debtor attempts to distinguish *Smith* on the basis that in *Smith* the debtor could afford to post the bond, whereas in *Alton Telegraph* the debtor could not. The Deacon Group's position is that the lines of authority are squarely opposed and urges the Court to follow *Smith* and *Wally Findlay*.

---

**1.** The Deacon Group has cited *Little Creek Development Co., supra,* to some extent in its brief. *Little Creek* is not factually in point. The case involved a debtor's attempt in state court to enjoin a foreclosure. The debtor was unable to post the injunction bond and continued its attempts to thwart the foreclosure by filing Chapter 11.

In *Wally Findlay* the Court stated, "It is clear that the debtor did not file its petition to reorganize, but rather as a litigating tactic in its dispute with (the judgment creditor). Neither the debtor (corporation nor its principal) has sufficient assets to post a bond in order to stay these judgments pending appeal. The debtor filed its petition herein to avoid the consequences of adverse state court decisions while it continues litigating. This court should not, and will not, act as a substitute for a supersedeas bond of state court proceedings." *Wally Findlay, supra,* at 851. This Court finds the above comment from *Wally Findlay* and the reasoning of *Smith* to be pursuasive and adopts the two cases insofar as they hold that a debtor may not use a Chapter 11 filing as a litigation tactic to avoid the posting of a supersedeas bond.

■ The facts of the instant case show that the debtor filed solely to enable it to continue litigating in state court without having to post a supersedeas bond. At the time of filing the debtor had no financial problems except for the Deacon Group's judgment.[2] Further, it is obvious and the debtor's counsel has admitted that the purpose of the filing was to avoid posting a bond. During oral argument, debtor's counsel also remarked that if the debtor is successful in its appeal, the bankruptcy will be dismissed.[3] From the foregoing facts, this Court concludes that the debtor is using the Chapter 11 process as a litigation tactic to avoid the posting of a supersedeas bond, that it had little, if any, intention to reorganize when it filed, and that the filing is in bad faith.

The debtor's argument that *Smith* is not opposed to *Alton Telegraph* because the debtor in *Smith* could afford to pay the bond premium is without merit for two reasons. First, *Smith* in no uncertain terms denounces *Alton Telegraph* in its entirety. Second, it is obvious from the cases that the inability to post the bond was unimportant to the decision. As a matter of fact, the *Smith* Court freely adopted and cited the reasoning from *Wally Findlay,* a case in which the debtor could not afford a bond.

As stated earlier, the debtor's other argument is that its motive in filing Chapter 11 was to protect its legitimate ongoing business affairs. This may to some extent be true. However, the contention fails to recognize that Chapter 11 is intended to offer potentially viable businesses an opportunity to gain time for the purpose of reorganization. This debtor has in essence admitted that its Chapter 11 was filed for the purpose of avoiding the state law requirement of a supersedeas bond while it continues to litigate.

## CONCLUSION

This Chapter 11 was filed as a litigation tactic to circumvent the requirement of a supersedeas bond in state court litigation. Such a filing is in bad faith. Accordingly, this case should be dismissed.

---

**2.** Since the filing of this case, two former students of the debtor's school have obtained relief from the automatic stay for the purpose of filing tort actions against the debtor.

**3.** In the event the debtor loses the appeal, the debtor will have little choice other than to file a liquidating plan or convert to Chapter 7.