**In re Herbert HOLM, Debtor.**

**Bankruptcy No. 1-87-00559.**

United States Bankruptcy Court, N.D. California.

June 8, 1987.

Michael F. Malloy, Janssen, Malloy, Marchi & Needham, Eureka, Cal., for creditor.

Philip M. Arnot, Inc., Eureka, Cal., for debtor.

### ORDER ON MOTION TO DISMISS

ALAN JAROSLOVSKY, Bankruptcy Judge.

The debtor filed his Chapter 11 petition initiating these proceedings on April 1, 1987. His schedules show equity in real property of approximately $1 million and other unencumbered assets valued at $274,-000.00. The largest scheduled claim is to Alan Wright in the sum of $239,000.00. Total unsecured debts are less than $300,-000.00.

The Wright claim is the result of a judgment he obtained against the debtor after a jury trial in state court. The verdict was returned on January 26, 1987, and the debtor's motion for a new trial was denied on March 6, 1987. The debtor filed his Chapter 11 petition on April 1, and filed a notice of appeal in the state court action the next day. Creditor Wright argues that these Chapter 11 proceedings should be dismissed as being filed in bad faith, in that the bankruptcy proceedings are merely intended to replace an appeal bond in the state court action.

The issue of whether a debtor may in good faith file a Chapter 11 petition to avoid posting an appeal bond has already been the subject of a good deal of litigation resulting in several reported cases. Three cases, *In re Alton Telegraph Printing Co.* (Bkrtcy.S.D.Ill.1981) 14 B.R. 238, *In re McLaury* (Bkrtcy.N.D.Tex.1982) 25 B.R. 30, and *In re Corey* (Bkrtcy.D.Hawaii 1984) 46 B.R. 31, have denied motions to dismiss, holding that it is permissible to use the automatic stay of section 362(a) of the Bankruptcy Code in place of an appeal bond. In three other cases, *In re Wally Findlay Galleries* (Bkrtcy.S.D.N.Y.1984) 36 B.R. 849, *In re Smith* (Bkrtcy.W.D.Ky. 1986) 58 B.R. 448, and *In re Karum Group, Ltd.* (Bkrtcy.W.D.Wash.1986) 66 B.R. 436, dismissals were granted on bad faith grounds.

While the two lines of cases seem to be at odds, they can for the most part be reconciled. In each case denying a dismissal motion, the judgment against the debtor was very large and, if not reversed on appeal, would force the debtor to close its business and liquidate, with the judgment creditor recovering only a portion of its judgment. In those cases dismissing the bankruptcy proceedings on bad faith grounds, however, the judgments were smaller and the debtors had the apparent ability to satisfy the judgments without loss of their ability to stay in business. The sole exception is *Karum Group*, in which the court dismissed the bankruptcy proceedings even though the amount of the judgment was far in excess of the debtor's total assets.

Notwithstanding *Karum Group*, this court believes that a Chapter 11 filing is in good faith and may be used to replace an appeal bond if the judgment against the debtor is so large that the debtor faces severe disruption of his business if enforcement of the judgment is not stayed. However, if the debtor has the ability to satisfy the judgment from non-business assets, then it is bad faith to attempt to use the bankruptcy laws to appeal without posting a bond. Stated another way, a Chapter 11 proceeding should be dismissed only if the debtor has the clear ability to survive without bankruptcy court protection.

In this case, the debtor's assets far exceed his debts. It is clear that the debtor could easily satisfy the judgment or post an appeal bond merely by liquidating some of his real estate holdings. To do so would not disrupt his business activities, as he is primarily a real estate developer with no large staff or business establishment. In these circumstances, it would be improper to allow the debtor to use the bankruptcy laws merely to avoid liquidating his properties.

The very recent decision of the Court of Appeals in *Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.* (9th Cir.1987) 817 F.2d 1424 is very relevant to this matter. In *Ingersoll-Rand*, the court held that the automatic stay prohibits the *debtor* from appealing a judgment against him if he was a defendant in the action. See also *Cathey v. Johns-Mansville Sales Corp.* (6th Cir.1983) 711 F.2d 60, 62. While this ruling may appear to be somewhat at odds with Bankruptcy Rule 6009, it has the effect of making the issue now before the court less of an all-or-nothing proposition, as the bankruptcy court has in essence been given the power to set the terms for prosecution of a state court appeal by the debtor. This makes a great deal of sense, as the interests of justice are best served by a flexible approach.

Where the debtor is insolvent or would be rendered insolvent if a judgment against it is confirmed on appeal, an appeal bond should not be required of the debtor. Requiring a bond in those cases would be

giving the judgment creditor a nonstatutory priority over other unsecured creditors, a result to be avoided in bankruptcy proceedings. *U.S. v. Randall* (1971) 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273. On the other hand, abuse of the bankruptcy laws is avoided when the debtor who has the clear ability to pay all of his debts is required to post a bond before prosecuting an appeal.

IT IS THEREFORE ORDERED that the debtor shall not prosecute the state court appeal unless he has first posted an appeal bond in the amount required by California law to stay enforcement of the judgment pending appeal. Upon posting of such a bond, the automatic stay shall be modified so as to permit the debtor to prosecute the appeal. If the debtor has neither formally abandoned the appeal nor posted the bond within sixty days after entry of this order, then these Chapter 11 proceedings shall be dismissed, with prejudice.