**In re Richard V. FORD, Debtor.**

**Bankruptcy No. 87–00002.**

United States Bankruptcy Court,
S.D. Alabama.

June 18, 1987.

Steven R. Windom, Mobile, Ala., for plaintiff.

Grey Redditt, Jr., Mobile, Ala., for defendant.

## ORDER

GORDON B. KAHN, Chief Judge.

This matter having come on for hearing upon the Motion of Kenneth W. Canton to Dismiss this Chapter 11 case; due notice of hearing having been given; and Stephen R. Windom having appeared as attorney for Movant; and Grey Redditt, Jr., having appeared as attorney for the debtor; and evidence and arguments having been heard;

Now, therefore, the Court finds, concludes and orders as follows:

### FINDINGS OF FACT

1. The debtor filed a petition under Chapter 11 of the Bankruptcy Code on February 4, 1987.

2. Schedule A–2 of the debtor listed one secured creditor owed the amount of $517.84.

3. Schedule A–3 of the debtor listed five creditors totalling $254,144.70. The largest

unsecured creditor is the movant, who obtained judgment against the debtor on August 18, 1986, in the amount of $164,802.66, and January 5, 1987, was the date scheduled for the execution of the judgment.

4. The debtor has been unable to post a supersedeas bond but nevertheless has proceeded to appeal that judgment.

5. With the exception of the debt owed Canton, the debtor has consistently paid his debts as they became due in spite of the fact that his income is periodic as opposed to regular.

6. The debtor's major assets consist of an undivided one-third interest in several thousand acres of real property in Mobile, Baldwin and Choctaw Counties, Alabama.

7. The debtor owns an undivided one-third interest in real property along with his two brothers.

8. Richard V. Ford does not have any substantial liquid assets.

9. Sales of timber harvested from the real property could generate income of $450,000.00 over a six-year period.

10. The debtor's earned income for 1986 was $8,400.00 which he earned as an office supply salesman.

11. On April 10, 1987, the debtor filed a Plan of Reorganization and Disclosure Statement in this case which contemplates a liquidation of assets to pay creditors.

12. Under the provisions of the Plan, the indebtedness owed to Canton would be paid over a six year period in equal annual installments, with interest.

13. The debtor's estate would be substantially diminished in value if he were forced into immediate liquidation.

14. At the present time, the debtor does not have sufficient liquid assets to pay the Canton judgment.

## CONCLUSIONS OF LAW

A Motion to Dismiss in a Chapter 11 case is brought under Section 1112(b), Bankruptcy Code, as follows:

"(b) Except as provided in Subsection (c) of this section, on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

(1) continuing loss to or diminuation of the estate and absence of a reasonable likelihood of rehabilitation.

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

(4) failure to propose a plan under section 1121 of this title within any time fixed by the court;

(5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or a modification of a plan;

(6) revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;

(7) inability to effectuate substantial consummation of a confirmed plan;

(8) material default by the debtor with respect to a confirmed plan;

(9) termination of a plan by reason of the occurrence of a condition specified in the plan; or

(10) nonpayment of any fees or charges required under chapter 123 of title 28.

In addition, movant has argued that the debtor's Chapter 11 case has not been filed in good faith and that since the debtor's assets exceed his liabilities, he is solvent and should not be a Chapter 11 debtor.

In the recent case of *In re Little Creek Development Company*, 54 B.R. 510, reversed, 779 F.2d 1068 (5th Cir.1985), the Fifth Circuit Court discussed the origin and importance of the judicially imposed requirement that a debtor file a bankruptcy petition in good faith. As a general rule, where a debtor filed a bankruptcy petition *solely* (emphasis supplied) as a litigating tactic, such a petition is not filed in good faith and should be dismissed. *In re Little Creek Development Company, supra,* and

cases cited therein; *In re Karum Group, Inc.*, 66 B.R. 436 (Bkrtcy.W.D.Wash.1986); *In re Wally Findlay Galleries (New York)*, 36 B.R. 849 (Bkrtcy.S.D.N.Y.1984); *In re Smith*, 58 B.R. 448 (Bkrtcy.W.D.Ky. 1986).

The *In re Little Creek Development Company*, case, *supra*, presents guidelines to follow in determining lack of good faith warranting dismissal of a petition for bankruptcy.

Little Creek was a real estate developer which had obtained a loan from Commonwealth Mortgage Corporation secured by deeds of trust on land. When unexpected inability to obtain building permits caused delays in commencing construction, Commonwealth informed Little Creek that it intended to accelerate the debt and foreclose its mortgages. Little Creek filed suit on a variety of grounds against Commonwealth in state court, ultimately obtaining a preliminary injunction against Commonwealth conditioned upon its posting a bond for $50,000.00 to delay foreclosure for one month and then by posting a bond for $1,250,000.00 pending conclusion of the litigation. Little Creek could not timely post the larger bond.

To further forestall foreclosure, Little Creek filed a petition for relief under Chapter 11 of the Bankruptcy Code, after which Commonwealth sought relief from the stay to proceed with foreclosure. The Bankruptcy Court found that Little Creek's debt exceeded $1,400,000.00 and that the value of the mortgaged property was only $775,-000.00. The Bankruptcy Court carefully noted that Little Creek, by admissions of its counsel, and by the filing of its Chapter 11 petition had merely intended to transfer the litigation in state court to the bankruptcy court where it would have an automatic injunction and not be required to post a bond. Set in these circumstances, the Bankruptcy Court found that Little Creek had acted in bad faith in filing its Chapter 11 petition and granted Commonwealth relief from the stay for cause.

The Fifth Circuit Court of Appeals explored the origin and validity of the "good faith" requirement, concluding that such a standard had sound foundation in applicable bankruptcy law. The Court then carefully pointed out that in a proceeding under Section 362(d) or 1112(b) that findings of lack of good faith have followed recurring, but non-exclusive patterns. The Court gave these examples at p. 1073:

"The debtor has one asset, such as a tract of undeveloped or developed real property. The secured creditors' liens encumber this tract. There are generally no employees except for the principals, little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments pursuant to 11 U.S.C. 361, 362(d)(1), 363(3), or 364(d)(1). Typically, there are only a few, if any, unsecured creditors whose claims are relatively small. The property has usually been posted for foreclosure because of arrearages on the debt and the debtor has been unsuccessful in defending actions against foreclosure in state court. Alternatively, the debtor and one creditor may have proceeded to a stand-still in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford ..."

A casual reading of Little Creek can leave one with the impression that the above examples constitute "lack of good faith"; however, a careful reading of that case reveals that the Court correctly holds that lack of good faith is determined by an examination of all pertinent facts and circumstances.

The Fifth Circuit Court of Appeals further relied upon the case of *Winshall Settlor's Trust*, 758 F.2d 1136 (6th Cir.1985), where the Sixth Circuit similarly addressed the good faith issue. Concluding in that case that the debtor's assets were merely contingent, the debtor did not have an on-going business nor reasonable likelihood of reorganization nor of proposing a plan and that dismissal of the case was proper.

The Circuit Court held that the Bankruptcy Court's decision that the debtor lacked good faith in filing its Chapter 11 petition based upon statements of counsel and that the petition was filed as a litiga-

tion tactic did not provide sufficient basis to prove lack of good faith. The decision also stated that those circumstances do not rise to the level of egregiousness necessary to conclude that the "reorganization process is being perverted ..."

The Court emphasized that the Bankruptcy Court should examine all pertinent facts and circumstances before concluding that a debtor lacked good faith in filing a petition for relief under the bankruptcy laws. The Fifth Circuit Court of Appeals then reversed the judgment of the bankruptcy court.

In this case, the debtor has several tracts of land which can be liquidated over a period of time to pay the Canton judgment should such payment become necessary. The debtor is not attacking the Canton judgment in this Court and shows no propensity to do so. In fact, the plan filed by the debtor proposes to pay the Canton judgment in full in an orderly manner. The debtor's investments in real estate are a viable business enterprise and are sound assets, far exceeding the value of the Canton judgment. There is clearly a base from which to fund a plan of reorganization in this case. The facts here are unlike those in *Winshall Settlor's Trust, supra,* where the debtor's supposed assets were merely contingent.

Applying the guidelines of *In re Little Creek Development, supra,* in this case leads this Court to conclude that the debtor did not lack good faith when he filed this petition under Chapter 11. To further expound on this point, guidelines set by other courts in cases cited herein should be examined.

In the case of *In re Alton Telegraph Printing Company,* 14 B.R. 238 (Bkrcy.S. D.Ill.1981), the Court found that although the Chapter 11 petition had been filed after a creditor had obtained a large libel judgment against the debtor and the debtor could not post a supersedeas bond on appeal of that judgment, the Chapter 11 petition was filed in good faith because the debtor was engaged in an ongoing and viable business. The debtor had also filed a plan of reorganization, had attended all meetings of creditors and had otherwise cooperated in all respects toward an orderly and equitable distribution of its assets.

In the cases of *In re Wally Findlay Galleries (New York)* and *In re Smith, supra,* the Courts recognized that the Chapter 11 cases before them were not filed in good faith where such filing was made *solely* (emphasis supplied) to avoid personal obligations and circumvent State law requirements for posting a supersedeas bond while a judgment was on appeal. *In re Wally Findlay Galleries (New York),* the Court specifically noted that the debtor did not file its petition to reorganize. In the case of *In re Smith, supra,* the Court was distressed by the fact that the Chapter 11 petitioners had the ability to pay the amount of the debt while "litigating their differences."

Likewise, in the case of *In re Karum Group, Inc., supra,* the Court found that the Chapter 11 petition had been filed *solely* (emphasis supplied) to circumvent the requirement of posting a supersedeas bond as required by state law and that the Chapter 11 petition had not been filed in good faith because the debtor had little intention to reorganize.

As stated by the 5th Circuit Court of Appeals in the case of *In re Little Creek Development Company, supra,* p. 1072. "Determining whether the debtor's filing for relief is in good faith depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities."

In the case of *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984), in which the debtor's ability to post a supersedeas bond was not an issue, the circuit court took the position that in a motion under Section 1112(b) that a debtor's lack of "good faith" may constitute cause for dismissal of a petition filed under Chapter 11. That case involved an eleventh-hour change in ownership of the debtor with a petition under Chapter 11 filed by the new entity on the even of foreclosure of mortgaged property. The circuit court affirmed the district court affirming the opinion and order

of the bankruptcy court dismissing the debtor's Chapter 11 petition for lack of good faith.

The debtor had no equity in the mortgaged property and the court reasoned that considering the economic realities facing the debtor that the debtor had no realistic chance of successfully reorganizing.

The *In re Albany Partners, Ltd.* case is distinguishable factually from the instant case and the circumstances leading to dismissal in that case do not exist here since the debtor did not undergo a change in form immediately prior to the filing of his Chapter 11 petition, nor is his property subject to any mortgages, and there are substantial assets available for reorganization.

■ This Court is impressed that the debtor has filed a Plan of Reorganization and Disclosure Statement in this case offering to pay his creditors in full with an orderly liquidation of assets. While hearing on confirmation of the plan has not been held, the debtor has provided this Court with some evidence of the feasibility of the proposed plan. Ford's assets are not immediately liquid, but liquidation of a portion of these assets is possible given a reasonable period of time.

There is little to be gained by allowing a forced liquidation of the debtor's one-third undivided interest in real property which this Court believes would result in chaotic dismemberment of the debtor's assets with resulting damage to the debtor, his co-owners and creditors alike.

Section 1123(b)(4), Bankruptcy Code, provides that a Chapter 11 plan may:

"(4) provide for the sale of all or substantially all of the property of the estate, and the distribution of the proceeds of such sale among holders of claims or interests; ..."

In other words, Section 1123(b)(4) provides that a Chapter 11 debtor may propose a liquidating plan of reorganization. The plan of reorganization filed in this case is consistent with this section of the Bankruptcy Code.

A close search of the Chapter 11 provisions of the Bankruptcy Code does not reveal any prohibition about filing a proceeding with a pending appeal of a litigated claim. The Canton judgment is merely like any other debt under the facts and circumstances of this case and the debtor filed his Chapter 11 petition in good faith and this Chapter 11 case should not be dismissed for this reason.

■ The argument that the debtor's assets exceed his liabilities, that he is therefore solvent and should not be in Chapter 11 is without merit.

As noted in the case of *In re Gagel & Gagel*, 24 B.R. 671 (Bkrcy.S.D.Ohio, W.D. 1982), present bankruptcy law does not require that the debtor pass a balance sheet test of insolvency. The question of insolvency has largely been resolved by revisions to prior law as enacted in Section 303, Bankruptcy Code, which deals with involuntary petitions. In sum, acts of bankruptcy are no longer required, with the Court ordering relief after trial if the debtor is unable to pay debts as they become due. Section 303(h), Bankruptcy Code.

While Richard V. Ford is not an involuntary debtor before this Court, he is not able, because of the Canton judgment and the lack of liquid assets to pay his debts as they become due.

It is clear to this Court that Richard V. Ford did not and does not now have sufficient cash presently available to him to pay the judgment or to post a supersedeas bond. Richard V. Ford does have assets which can be liquidated over a period of time to pay the Canton debt should such payment be required. The Chapter 11 petition was not filed solely to avoid posting a supersedeas bond, but only to give the debtor time to liquidate his assets.

The debtor should be given the opportunity to reorganize and repay all of his debts within the framework of the Bankruptcy Code.

For these reasons, the Motion of Kenneth W. Canton to Dismiss this Chapter 11 case should be denied.

The debtor's Motion for Continuance on Hearing for Motion to Dismiss is also due to be denied.

### ORDER

Now, therefore, it is hereby ORDERED that the Motion of Kenneth W. Canton to Dismiss this Chapter 11 case be, and it hereby is, DENIED; and it is further

ORDERED that the Motion of Richard V. Ford for Continuance of Hearing on Motion to Dismiss be, and it hereby is, DENIED.