**In re William H. DAVIS, Debtor.**

**Bankruptcy No. 87–05475–H3–11.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Dec. 18, 1987.

**502**

Richard L. Fuqua, Wood, Lucksinger & Epstein, Houston, Tex., for debtor.

Kent Browing, Butler & Binion, Houston, Tex., for James L. Sheerin.

## MEMORANDUM AND ORDER

LATITIA Z. CLARK, Bankruptcy Judge.

On August 25, 1987, hearing concluded on the Emergency Motion to Dismiss Debtor's petition filed by James L. Sheerin, a judgment creditor (hereinafter "Movant").

The Court has reviewed the pleadings and evidence in this matter and has concluded that the evidence demonstrates sufficient bad faith to justify dismissal of Debtor's petition.

To the extent any findings of fact herein are considered to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law contained herein are considered to be findings of fact, they are hereby adopted as such.

The Movant sought dismissal pursuant to 11 U.S.C. § 1112(b), on the ground that Debtor's petition was filed in bad faith to avoid the posting of a supersedeas bond in an appeal from an adverse state court judgment. The Debtor counters that the filing of his petition was not an attempt to abuse the bankruptcy process, but rather the result of an honest intent to reorganize which is in the best interest of himself, his estate and his creditors.

The Court finds that the Movant's claim against Debtor in the amount of $669,389.61, plus interest, arose from a judgment in Cause No. 85–29639 styled *James L. Sheerin v. William H. Davis, Catharine L. Davis and W.H. Davis Co., Inc.*, in the 127th Judicial District Court of Harris County, Texas, on February 20, 1987. In that case, a jury awarded Movant money damages for breach of fiduciary duty, conversion, and attorney's fees and other relief including a decree that Debtor buy out Movant's stock in W.H. Davis Co., Inc. based on a finding of conspiracy. Movant also has a claim against Debtor's wife in the amount of $22,600.35. And finally, Movant received on behalf of W.H. Davis Co. a judgment against Debtor for $129,042.00 and against Debtor's wife for $63,558.00, plus interest, based on a shareholder derivative suit.

Debtor admitted in his Response to Movant's Motion to Dismiss that his total assets amounted to $1,567,544.79 while his schedules reflect only $1,016,551.00; his total liabilities are scheduled at $308,274.00. Creditors include RepublicBank Houston with a secured claim of $95,000.00 and an unsecured contingent claim of $41,147.00. Apart from the unsecured claim of W.H. Davis Co. scheduled at $172,119.45 based on the state court judgment, Debtor lists only eight unsecured creditors, including Movant herein, a judgment creditor, as having disputed claims valued at one dollar.

Debtor and his wife filed their appeal in state court on May 18, 1987; it was still pending at time of trial herein. Debtor's wife filed a supersedeas bond in the amount of $86,158.35 on June 1, 1987. Debtor filed bankruptcy that same day and had not at time of trial filed a supersedeas bond. On May 15, 1987, prior to filing his appeal, Debtor filed a Motion for Leave to File Original Petition for Mandamus, which petition was denied on May 19, 1987 by the Court of Appeals for the Fourteenth Supreme District of Texas. In an affidavit attached to his Original Petition for Mandamus, Debtor admitted, "As I cannot post a Supersedeas Bond, which would be in the amount of $844,600.00, I see no alternative to being forced to file personal bankruptcy." (Plaintiff's Exhibit 2).

■ Considering all the evidence, this Court finds that one of the principal reasons, if not the sole reason, that Debtor filed his bankruptcy petition was to avoid posting of a supersedeas bond. Therefore, the Court must address whether Debtor's filing of a Chapter 11 petition in lieu of posting a supersedeas bond, as well as other elements of this case, constitute bad faith sufficient to justify dismissal of Debtor's petition.

Movant alleges that Debtor's Chapter 11 filing is in bad faith because it was done as a litigation tactic to circumvent the statutory requirement of posting a supersedeas bond. Bankruptcy courts have been split on this issue. Those courts holding that such litigation tactics do not constitute bad faith include: *In re Corey*, 46 B.R. 31 (Bankr.D.Hawaii 1984); *In re McLaury*, 25 B.R. 30 (Bankr.N.D.Tex.1982); *In re Alton Telegraph Printing Co.*, 14 B.R. 238 (Bankr.S.D.Ill.1981). Other courts consider such litigation tactics demonstrative of bad faith in the filing. *See In re Karum Group, Inc.*, 66 B.R. 436 (Bankr.W.D. Wash.1986); *In re Smith*, 58 B.R. 448 (Bankr.W.D.Ky.1986); and *In re Wally Findlay Galleries*, 36 B.R. 849 (Bankr.S.D. N.Y.1984).

One primary characteristic of those cases not finding bad faith is that the judgment together with the debtors' other liabilities substantially exceeded the assets. Another characteristic included the cooperativeness of the debtors in providing information to assist the court and creditors in expeditiously handling the cases. Those courts also found that the debtors had been forced into bankruptcy to avoid a forced sale and liquidation of its assets. *See, e.g., In re Corey, supra,* at 33.

Those elements are not present here. The Debtor's scheduled assets substantially exceed his scheduled liabilities. Further, a review of the transcript of the Meeting of the Creditors, of which the Court takes judicial notice, shows Debtor was quite evasive and non-cooperative in responding to questions by the creditors. Debtor's schedules are subject to serious question in that Debtor admitted at the Meeting of Creditors to having assets of $1.5 million, but he only scheduled assets of $1 million. He listed his fifty-five percent stock ownership of W.H. Davis Co. as valued at $13,500.00. However, the February 20, 1987 judgment valued Movant's forty-five percent interest in W.H. Davis Co. at $463,000.00. Additionally, as noted above, Debtor has listed only eight unsecured creditors, each with a disputed claim valued at one dollar. Debtor has not been called upon or forced to liquidate. To the contrary, the state court judgment ordered him to buy out Movant's interest in W.H. Davis Co.

In *Smith*, a financially sound debtor filed bankruptcy to avoid the bond requirement. The court pointed out that the supersedeas bond "acts as a disincentive to abuse the legal process through frivolous or capricious appeals." *In re Smith*, 58 B.R. at 451. Finally, the *Smith* court pointed out that a strategic litigation tactic designed to use federal bankruptcy law to defy legitimate state ends should not be condoned. And see *In re Little Creek*, 779 F.2d 1068 (5th Cir.1986).

In *In re Wally Findlay Galleries, Inc., supra,* the court held:

It is clear that the debtor did not file its petition to reorganize, but rather as a litigation tactic in its dispute with [the judgment creditor].... Neither the

debtor, ... nor [its principal] has sufficient assets to post a bond in order to stay these judgments pending appeal. The debtor filed its petition herein to avoid the consequences of adverse state court decisions while it continues litigating. This court should not, and will not, act as a substitute for a supersedeas bond of state court proceedings.

The Debtor herein argues that he was motivated by an honest intent to reorganize. However, at the § 341(a) meeting, when asked if he could pay his debts as they matured, Debtor responded "I don't know. I don't know what you're talking about." This is not a response consistent with a serious and sincere interest in reorganization. Further, Debtor himself admitted, in his affidavit attached to his state court Original Petition for Mandamus, that filing bankruptcy was his only alternative to posting a supersedeas bond. "Chapter 11 is intended to offer potentially viable businesses an opportunity to gain time for the purpose of reorganization." *Karum Group*, 66 B.R. at 438. Debtor's own admission contravenes this purpose.

■ When attacking the Debtor's good faith in filing a petition, the Movant must establish a prima facie showing of the Debtor's lack of good faith. *In re Universal Clearing House Co.*, 60 B.R. 985, 994 (D.Utah 1986). Once this prima facie showing is made, the Debtor has the burden of proving that the petition was filed in good faith. *Matter of Century City, Inc.*, 8 B.R. 25, 30 (Bankr.D.N.J.1980).

Considering the Debtor's schedules, in which he severely undervalued his interest in the stock of W.H. Davis Co., and intentionally and blatantly undervalued the interests of the unsecured creditors at one dollar each, the Debtor's admission to having no other alternative but bankruptcy to avoid posting a supersedeas bond; the two-party nature of the dispute, including the absence from the schedules of unsecured creditors unrelated to the state court suit, the Debtor's apparent ability to meet all his economic expenses; the Debtor's noncooperativeness at the Meeting of the Creditors, and the extent to which scheduled assets exceed scheduled liabilities, the Movant has established a prima facie showing of lack of good faith. In response, the Debtor has argued (but not testified) that his intentions were based on an honest intent to reorganize and not to avoid the posting of a supersedeas bond. The Court does not find this argument persuasive.

For the reasons discussed above, the Court holds that dismissal of the Debtor's petition on the evidence before this Court is justified, and it is accordingly,

ORDERED that the Movant's Motion to Dismiss is GRANTED and that this bankruptcy be, and hereby is, DISMISSED.