### In re Kenneth HARVEY and Eupha Harvey, Debtors.

### Bankruptcy No. BK–N–88–1491–JHT.

United States Bankruptcy Court,
D. Nevada.

May 23, 1989.

---

Geoffrey Giles, Reno, Nev., for debtors.

Julien G. Sourwine, Mortimer, Sourwine, Mousel & Sloane, Ltd., Reno, Nev., for movant.

## MEMORANDUM DECISION

JAMES H. THOMPSON, Bankruptcy Judge.

United Pacific Insurance Co.'s (United Pacific) motion to dismiss the bankruptcy case came on for hearing April 4, 1989. The grounds for the motion are that the petition was not filed in good faith and that such filing constitutes an abuse of judicial process and the Bankruptcy Code. The matter was argued and taken under submission.

United Pacific has obtained a state court judgment against the Harveys for approximately $142,315. The Harveys' motion for a new trial was denied, and on November 19, 1988, the Harveys filed their Chapter 11 petition. On December 15, 1988, the Harveys filed a Notice of Appeal of the judgment to the Nevada Supreme Court. The Harveys' counsel forthrightly admits that the Harveys filed their petition solely to secure the protection and benefit of the automatic stay in lieu of posting a supersedeas bond on appeal.

The court believes that the question of whether the Harveys' filing was done in bad faith should not be governed solely by those decisions setting forth badges or indicia of bad faith pertaining to new debtor syndrome.[1] The Harveys have not sought to transfer or conceal their assets or transfer their assets to a new debtor. Clearly some of the badges of bad faith (no em-ployees, no ongoing business, few unsecured creditors, etc.) would always be present in the Chapter 11 reorganization of a debtor who is not conducting a business, as here. However, the Bankruptcy Appellate Panel has held that a nonbusiness debtor with consumer debts can seek Chapter 11 protection under the Bankruptcy Code. *In re Warner*, 30 B.R. 528, 529 (9th Cir. BAP 1983). The Harveys contend that they do not have sufficient assets with which to post a supersedeas bond and that to escape execution on a judgment with which they do not agree and seek to overturn on appeal they must resort to the protection of the automatic stay. To be sure, this is a two-party dispute. However, this court does not believe this to be decisive in this case of alleged bad faith.

The Harveys urge this court to take guidance from the "Texaco litigation," in which Texaco sought the protection of the bankruptcy court to avoid posting a supersedeas bond. This course of action had been suggested as available to Texaco by three Supreme Court Justices in their concurring opinions in *Pennzoil Company v. Texaco, Inc.*, 481 U.S. 1, 18, 32 n. 6, 107 S.Ct. 1519, 1529, 1537 n. 6, 95 L.Ed.2d 1 (1987) (Brennan, J., Marshal, J., and Stevens, J., concurring). However, the history of the Texaco bankruptcy case, *Kirk v. Texaco, Inc.*, 82 B.R. 678, 679–80 (S.D.N.Y. 1988), does not disclose that the bankruptcy petition was challenged on the ground of bad faith as United Pacific does here.

The Ninth Circuit Court of Appeals addressed the matter of good faith in *In re Arnold*, 806 F.2d 937, 939 (9th Cir.1986), and stated therein that "the existence of good faith depends on an amalgam of factors and not upon a specific fact." Further, "good faith is lacking only when the debtor's actions are a clear abuse of the bankruptcy process." The *Arnold* court relied on the Fifth Circuit's decision in *In re Littlecreek Development Co.*, 779 F.2d 1068 (5th Cir.1986). In *Littlecreek*, the debtor obtained a preliminary injunction

---

1. *In re Can–Alta Properties, Ltd.,* 87 B.R. 89 (9th Cir. BAP 1988); *In re Thirtieth Place,* 30 B.R. 503, 505 (9th Cir. BAP 1983).

against foreclosure but could not post a bond pending the issuance or not of a permanent injunction and filed for Chapter 11 reorganization. The bankruptcy judge concluded that the debtor filed to effect a transfer of litigation from state court to bankruptcy court and thus escape the state court's bond requirement. The district court affirmed. The Fifth Circuit reversed, holding that the bankruptcy judge acted too hastily in basing his finding of lack of good faith solely on statements of the debtor's counsel at a motion to lift the stay. The court stated:

> "Standing alone, the conclusions of the bankruptcy court in this case, based solely on the statements of the debtor's counsel and the litigation tactic of attempting to retry the state court action in the course of the hearing on the motion for relief from stay, did not provide sufficient evidence to show lack of good faith. When compared with the several general indicia of bad faith previously discussed, these facts do not rise to the level of egregiousness necessary to conclude that the reorganization process is being perverted in this case."

*Littlecreek,* 779 F.2d at 1073. In remanding, the Fifth Circuit noted that it did not mean to imply that a finding of lack of good faith would be improper after a fuller consideration of the issue on remand.[2]

Seven bankruptcy courts have addressed the matter of whether filing bankruptcy and obtaining the automatic stay in lieu of posting a supersedeas bond constitutes a bad faith filing. Bankruptcy Judge Jaroslovsky reviewed six of the decisions in his opinion in *In re Holm,* 75 B.R. 86 (Bankr. N.C.Cal.1987):

> "While the two lines of cases seem to be at odds, they can for the most part be reconciled. In each case denying a dismissal motion, the judgment against the debtor was very large and, if not reversed on appeal, would force the debtor to close its business and liquidate, with the judgment creditor recovering only a portion of its judgment. In those cases dismissing the bankruptcy proceedings on bad faith grounds, however, the judgments were smaller and the debtors had the apparent ability to satisfy the judgments without loss of their ability to stay in business. The sole exception is [*In re*] *Karum Group,* [*Inc.,* 66 B.R. 436 (Bkrtcy.W.D.Wash.1986)] in which the court dismissed the bankruptcy proceedings even though the amount of the judgment was far in excess of the debtor's total assets."

*Id.* at 87. Judge Jaroslovsky concluded, *Karum Group* notwithstanding, that a Chapter 11 filing is available to replace an appeal bond if the judgment against the debtor is so large that the debtor's business would face severe disruption if the enforcement of the judgment were not stayed. However, he held that Holm had sufficient non-business assets available for posting a bond.

This court does not, and cannot, know whether or not the Harveys face financial ruin because the Harveys have not made application for a stay of the judgment to the state trial judge pursuant to N.R.C.P. 62(a). Should the Harveys fail to obtain a satisfactory conditional stay from the trial judge, they may still make application, pursuant to N.R.A.P. 8(a), to the supreme court, or a justice thereof, for a stay of the judgment or for approval of a supersedeas bond.

This court finds that the Harveys' failure to apply to the state district court and supreme court for relief by posting a bond commensurate with their financial ability does not constitute good faith filing. This court concludes that the petition should be dismissed. This order of dismissal shall not become effective until 10 days from the date of its entry.

---

**2.** The Fifth Circuit did say that a debtor may not counter allegations of bad faith solely with an attempt to re-litigate the issues presented in its state court case. *Littlecreek,* 779 F.2d at 1074. It should be noted here that the Harveys do not seek to re-litigate the state court issues in bankruptcy court but merely seek to exercise a conditional statutory right of appeal. This can not be equated with or likened to the "litigation tactic" of attempting to retry the case in another forum.