**In re Glenn McKitrick BYRD, Debtor.**

**Bankruptcy No. 94–06338.**

United States Bankruptcy Court,
W.D. Washington,
at Seattle.

Oct. 4, 1994.

Sarah Weaver, Seattle, WA.

### MEMORANDUM OPINION

KAREN A. OVERSTREET, Bankruptcy Judge.

This matter comes before the Court on the motion of the Official Committee of Unsecured Creditors in the case of For You Management & Development Corporation (the "Committee") seeking, *inter alia*, dismissal of this Chapter 11 proceeding on the ground of bad faith. The facts are set forth below.[1]

### I. FACTS

This case was filed by the debtor on August 5, 1994. The debtor was forced to file this action as a result of the entry by the Committee of a $626,000 judgment[2] against the debtor on June 24, 1994, following a trial before Judge Steiner in the For You Management & Development Corporation ("For You") bankruptcy proceeding, Case no. 91–00422. In that action, the Committee alleged that the debtor was liable to the For You estate under a constructive fraudulent conveyance theory in connection with the debtor's sale of a piece of commercial property to For You in 1990. Judge Steiner held that the purchase price paid for the property by For You exceeded the value of the property on the date of transfer by the amount of the judgment. The Committee recorded the judgment immediately after it was entered.

---

1. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

2. Since the entry of the judgment, this amount has increased slightly as a result of the accrual of interest. In addition, the Committee has settled with one of the other defendants and has received from that settling defendant $300,000 of the judgment amount.

On June 24, 1994, Judge Steiner also entered an order under Rule 7062(b) staying enforcement of the judgment pending a ruling on the debtor's motion to amend the findings of fact, conclusions of law and judgment. That order prohibited the debtor from encumbering his personal assets and from incurring further unsecured debt other than for living expenses and legal fees. Judge Steiner denied the debtor's motion to amend on July 21, 1994, and on July 28, 1994, the debtor filed a notice of appeal to the district court. The Committee was to file an order dissolving the stay under Rule 7062(b) on August 5, 1994, but the filing of this Chapter 11 stayed presentation of that order. Thus, the stay under Rule 7062 is still in effect. The debtor has never sought to stay enforcement of the Committee's judgment under Rule 7062(c) or (d) or Rule 8005.

The schedules in this case reveal that the debtor has three major assets: an office building he values at $225,000 (subject to a $94,000 lien), a townhouse condominium he values at $110,000 (subject to a $47,000 lien), and a sailboat he values at $35,000. He has two significant secured creditors, who hold the liens referred to above. In addition, he has one priority claim in the amount of $18,-600 owed to the Internal Revenue Service, which arose when he withdrew funds from an Individual Retirement Account shortly before bankruptcy, incurring an early withdrawal penalty. Unsecured nonpriority claims include about $1500 in miscellaneous medical debts, $20,000 under a line of credit, a legal bill of $16,000 owed to the law firm that represented the debtor in the For You litigation, and a small unsecured claim of $800 owed to Chapter 11 counsel.[3] The debtor lists the Committee's judgment of $626,000 as a secured debt in his amended schedules.[4]

The debtor claims that he is in the real estate business, through two corporations whose stock he values at zero in his schedules, and as a licensed real estate broker.

He lists as his sole income a small amount of rental income, which is offset by rental expenses, leaving only $153 per month in income. He lists $6,794 in monthly expenses. He has already filed a proposed Chapter 11 plan in this case, which proposes a liquidation of his assets as necessary to pay all of his creditors, including the Committee, after he has exhausted his appeal rights.

In a declaration filed in the For You case, the debtor testified that all of his financial obligations were current and that he had no financial problems until the entry of the judgment. He seeks to use the automatic stay under Section 362 in this case to avoid posting a supersedeas bond or providing other security to stay enforcement of the Committee's judgment. The Committee asserts that the use of this proceeding for that purpose is in bad faith, especially in light of the debtor's failure to seek a further stay under Rule 7062(c) or (d) or Rule 8005.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b).

## III. DISCUSSION

### A. *Good Faith Requirement.*

■ There is no dispute that the debtor's petition may be dismissed if it is not filed in good faith. *In re Thirtieth Place, Inc.,* 30 B.R. 503 (Bankr.9th Cir.1983). In determining whether the petition is filed in good faith, the Court is required to examine all of the facts and circumstances. *Id.*

■ The Committee contends that the petition is in bad faith because it was filed for the sole purpose of enabling the debtor to stay enforcement of the Committee's judgment without posting a bond as required by Rule 7062(d). Moreover, the Committee as-

---

3. The debtor's IRA and line of credit funds were used to pay his living expenses and legal fees and costs in litigating with the Committee.

4. Both parties acknowledge, however, that the lien of the judgment could most likely be set aside in this proceeding as a preference.

serts that the debtor's bad faith is demonstrated by the fact that he did not even request a stay of the judgment under either Rule 7062 or Rule 8005.

The Committee relies primarily on Judge Steiner's decision in *In re Karum Group, Inc.,* 66 B.R. 436 (Bankr.W.D.Wa.1986). In that case, the debtor sought to avoid posting a bond in a state court appeal. The debtor's counsel admitted that the purpose of the Chapter 11 filing was to avoid posting the bond, and that the Chapter 11 case would be dismissed if the judgment against the debtor was reversed on appeal. Judge Steiner dismissed the case holding that the debtor could not use Chapter 11 as a litigation tactic to avoid posting a supersedeas bond in a state court proceeding.

The debtor here distinguishes the facts of *Karum* from this case in that the debtor has already filed a Chapter 11 plan and claims that he will need to remain in Chapter 11 and pay his debts under a confirmed plan even if the judgment against him is reversed on appeal.

The parties have cited numerous other cases where courts have addressed the issues present here. In those cases where the courts denied a motion to dismiss, the judgment against the debtor was large, affirmance of the judgment on appeal would result in the liquidation of the debtor's business, the debtor's assets were significantly less that the amount of the judgment and the other obligations of the debtor, and the judgment creditor upon enforcement of its judgment would receive only a portion of the total amount of the judgment. *See, e.g., In re Alton Telegraph Printing Co.,* 14 B.R. 238 (Bankr.S.D.Ill.1981); *In re McLaury,* 25 B.R. 30 (Bankr.N.D.Tex.1982); *In re Corey,* 46 B.R. 31 (Bankr.D.Haw.1984); *In re Clinton Centrifuge, Inc.,* 72 B.R. 900 (Bankr. E.D.Pa.1987). Courts that have dismissed cases on bad faith grounds where the debtor seeks to stay a judgment pending appeal have generally found that the debtor was financially able to post a bond or provide other security necessary to stay enforcement of the judgment. *See, e.g., In re Wally Findlay Galleries,* 36 B.R. 849 (Bankr. S.D.N.Y.1984); *In re Smith,* 58 B.R. 448 (Bankr.W.D.Ky.1986); *In re Holm,* 75 B.R. 86 (Bankr.N.D.Cal.1987).

Importantly, each of the foregoing cases turned on the debtor's ability to post a supersedeas bond or provide other security necessary to stay enforcement of the judgment. In this case, the Court is not able to make that determination because the debtor never requested a stay of the judgment under applicable provisions. Indeed, the debtor's financial situation in the face of the judgment is dire, and it appears unlikely that he could post a bond in the full amount of the judgment. Because he did not seek a stay from Judge Steiner, however, it is unknown whether Judge Steiner would have required a bond. He could merely require a status quo order like the one he entered on June 24, 1994, under Rule 7062(b), in lieu of posting a bond.

In a case similar to this case, *In re Harvey,* 101 B.R. 250 (Bankr.D.Nev.1989), the court dismissed the debtors' petition reasoning that the debtors' failure to apply to the state district court and supreme court for relief by posting a bond commensurate with the debtors' financial ability evidenced the debtors' bad faith. The debtor here asks the Court to reject the reasoning of *Harvey,* and argues that he ought to be able to avail himself of the remedy of Chapter 11, notwithstanding whether he can stay the judgment through some other means. He asks this Court to adopt a rule that Chapter 11 under these circumstances is permissible *per se* even if the debtor has other alternatives.

The Court agrees with the reasoning of the court in *Harvey.* Unless the debtor can demonstrate that he has no alternative to stay the Committee's judgment other than by Chapter 11, his petition must be dismissed.

B. *Alternatives Under Rules 7062 and 8005.*

The debtor argues that he could not post a bond sufficient to cover the judg-

ment and therefore it would be a useless act to seek a stay before Judge Steiner. Posting a supersedeas bond, however, is not the debtor's sole remedy. The posting of a supersedeas bond under Rule 7062(d) in an amount approved by the court gives the judgment debtor an absolute right to a stay pending appeal. *In re Swift Aire Lines, Inc.*, 21 B.R. 12 (Bankr. 9th Cir.1982). Alternatively, the court has discretion to grant a stay pending appeal under Rules 8005 and 7062(c) and it need not require the posting of a supersedeas bond. The Ninth Circuit standard for discretionary stays is set forth in *Schwartz v. Covington*, 341 F.2d 537 (9th Cir.1965). A stay is appropriate if (1) appellant is likely to succeed on the merits of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) the stay will do no harm to the public interest. The court is free to fashion a remedy other than requiring the posting of a supersedeas bond where the appellant's financial condition prevents it from obtaining such a bond. *See, e.g., Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (cited with approval in *In re Wymer*, 5 B.R. 802 (9th Cir. BAP 1980)); *C. Albert Sauter Co., Inc. v. Richard Sauter Co., Inc.*, 368 F.Supp. 501 (E.D.Pa.1973).

█ It is clear from the above authorities that the debtor has the option to pursue a discretionary stay pending appeal of the Committee's judgment and that Judge Steiner has the discretion to condition any stay pending appeal on security commensurate with the debtor's financial ability. Until the debtor has pursued that option, this Court cannot conclude that his Chapter 11 petition is in good faith.[5]

---

**5.** A significant effect of the Chapter 11 is the priority the debtor's legal fees would enjoy if the case remains in Chapter 11. In Chapter 11, all of the debtor's legal fees and costs incurred in the appeal process would have priority over the Committee's judgment. 11 U.S.C. § 503. Also, the debtor's liabilities for fees already incurred would enjoy *pari pasu* priority with the judgment in Chapter 11. This, the Committee argues, further evidences the debtor's bad faith in filing his petition.